ROBERT G. PILON *v.* CHARLES F. YARD ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 6—decided March 1, 1960

*David M. Barry,* with whom was *William C. Bieluch,* for the appellant (plaintiff).

*Joseph J. Burns,* assistant corporation counsel, for the appellees (defendants).

PER CURIAM. The determination of the claims of law made by the plaintiff on this appeal depends largely upon the proper construction of the applicable rules and regulations governing civil service in Hartford. No rules or regulations whatever are in the finding or elsewhere in the printed appeal record.

An exhibit of the plaintiff purports to be a compilation of such rules and regulations "Adopted—November, 1948; Amended—April 1, 1953." Paragraph 66 of the finding reads as follows: "All exhibits admitted in evidence in the trial of this action are hereby made a part of this Finding and may be used for all purposes before the Supreme Court of Errors without being printed." We have repeatedly pointed out, where a finding is required, that language such as was used in this finding does not mean that the incorporation of an exhibit in the finding for use in this court without printing constitutes a finding as a fact of the material contained in the exhibit. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41, 82 A.2d 152; *Karen* v. *East Haddam,* 146 Conn. 720, 725, 155 A.2d 921. The language used in the present finding does not mean that the court has found that the exhibit constitutes the rules and regulations

controlling the decision in this case. Neither the trial court nor this court takes judicial notice of rules and regulations such as these. *Phillips' Appeal,* 113 Conn. 40, 44, 154 A. 238. If in fact the exhibit contains the rules and regulations applicable to the issues on this appeal, there is nothing in the record to indicate it.

The burden is on an appellant to establish harmful error in the court below if he is to prevail on his appeal. The plaintiff's failure to bring before us the clearly applicable rules and regulations is alone dispositive of, and fatal to, the appeal. *Martin* v. *Board of Zoning Appeals,* 145 Conn. 735, 736, 143 A.2d 450. While in the interest of proper appellate procedure it has seemed best to rest this decision on the foregoing procedural ground, it perhaps should be mentioned that a consideration of the record indicated that even had the exhibit been properly before us the outcome of the appeal would have been the same.

There is no error.