J. Stewart Thorne et al. *v.* Zoning Board of
Appeals of the City of Stamford et al.

Alcorn, House, Thim, Ryan and Covello, Js.

Argued November 7, 1967—decided January 16, 1968

*Francis J. McNamara, Jr.,* with whom, on the brief, was *David R. Levett,* for the appellants (plaintiffs).

*William F. Hickey, Jr.,* for the appellee (defendant Clarinda DeLeo).

*Theodore Godlin,* assistant corporation counsel, with whom, on the brief, was *W. Patrick Ryan,* corporation counsel, for the appellee (named defendant).

Per Curiam.   On April 17, 1964, the plaintiffs, whose properties adjoin and are adjacent to the property of the defendant Clarinda DeLeo, appealed

619

to the defendant board from the decision of the zoning enforcement officer of the city of Stamford, dated March 11, 1964, wherein he concluded that the premises owned by Clarinda DeLeo were used as a legally nonconforming two-family dwelling in a one-family zone. On July 1, 1964, the board denied the plaintiffs' appeal. Upon the appeal to the Court of Common Pleas, the trial court sustained the action of the board and dismissed the appeal. From the judgment rendered the plaintiffs have appealed to us.

The question presented was whether Clarinda DeLeo, the owner of a legally nonconforming two-family house in a one-family zone, was using her property in violation of the zoning regulations. The plaintiffs claimed that the first-floor apartment was vacant or unoccupied for more than a year. Section 10 (D) of the Stamford zoning regulations provides: "A building structure or portion thereof, non-conforming as to use, which is, or hereafter becomes vacant or remains unoccupied for a continuous period of one year shall not thereafter be occupied except by a use which conforms to the use regulations of the district in which it is located." An administrative agency such as the board in the instant case is called on to determine the applicability of the law to a given state of facts presented to it. The trial court had to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals*, 150 Conn. 113, 117, 186 A.2d 377. The problem before us is whether the trial court correctly decided that the action of the board was not arbitrary, illegal and in abuse of its discretion. *Krejpcio* v. *Zoning Board of Appeals*, 152 Conn. 657, 662, 211 A.2d 687; *Willard* v.

*Zoning Board of Appeals,* 152 Conn. 247, 248, 206 A.2d 110. The burden is on the plaintiffs to establish harmful error if they are to prevail. *E. M. J. Corporation* v. *Zoning Board of Appeals,* 154 Conn. 667, 669, 228 A.2d 500; *Pilon* v. *Yard,* 147 Conn. 720, 722, 158 A.2d 738. In the appeal to us, it was incumbent on the plaintiffs to set forth in an appendix to their brief such portions of the record returned by the zoning board of appeals but not included in the printed record as are asserted to be material in support of their claims. Practice Book §§ 647, 716, 719, 721; *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 405, 225 A.2d 637; *Nielson* v. *Zoning Commission,* 149 Conn. 410, 413, 180 A.2d 754. In the *Miklus* case, although the plaintiffs failed to file an appendix, we examined the appendix filed by one of the defendants which was adequate to permit a review of the evidence presented before the zoning board of appeals on the question in issue. In the instant case, neither the plaintiffs nor the defendants filed an appendix.

The plaintiffs' claim that the trial court erred by failing to consider the correctness of the board's interpretation of § 10 (D) of the regulations cannot be sustained. The regulation can be interpreted only in relation to a given set of facts presented to us. *Pascale* v. *Board of Zoning Appeals,* supra. Since neither party has filed an appendix, we have no way of determining what those facts were. It is not possible for us to review the action of the trial court in dismissing the appeal.

There is no error.