## THOMAS HOVANESIAN ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF NEW BRITAIN

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued November 4—decided November 23, 1971

*Charles D. Karanian,* for the appellants (plaintiffs).

*Andrew S. Aharonian,* city attorney, for the appellee (defendant).

COTTER, J. The court rendered a summary judgment in favor of the defendant zoning board of appeals of the city of New Britain. In support of

its motion for a summary judgment the defendant filed an opinion by the trial court in an earlier appeal brought to the Court of Common Pleas, concerning the action of the defendant board taken in a 1966 matter, as well as certain affidavits and "documents." In the present case the plaintiffs in November, 1969, filed an application for a variance of certain sections of "the building zone ordinances" for the premises located at 5 Nancy Road and 697 Osgood Avenue, New Britain, to "permit offices," claiming that a strict application of the regulations would produce undue hardship. Under the paragraph concerning undue hardship the statement appears: "See attached letter." There is no letter in the record before this court.

At this point a brief discussion of the applicable statutes is pertinent. Section 8-6 of the General Statutes prescribes the power of a zoning board of appeals to determine and vary the application of a zoning ordinance in harmony with its general purpose and intent, with due consideration for conserving the public health, safety, convenience, welfare and property values with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such ordinance would result in exceptional difficulty or unusual hardship, so that substantial justice will be done and the public safety and welfare secured. Section 8-7 of the General Statutes provides that whenever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property it shall state on its records the reason for its decision. Section 8-7a provides that evidence shall be taken at such a hearing by a stenographer or shall be recorded by a

sound-recording device. Section 8-8 of the General Statutes sets up the procedures which must be followed in appeals which are taken from the zoning board of appeals to the Court of Common Pleas and provides in part that: "The court, upon such appeal, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it, pursuant to section 8-7a, or if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." Section 8-8 further states that appeals from the decisions of said board shall be privileged cases to be heard by the court, unless cause is shown to the contrary, as soon after the return date as is practicable.

It is obvious in view of the procedures enumerated that there is no impelling necessity to pursue the summary judgment procedure in a case of this nature. In the case at bar, the plaintiffs' application for a variance was on the agenda at a meeting of the defendant board on December 29, 1969, and "[a]t the commencement of the hearing it was announced by the chairman of the board that they would not have a hearing on the petition for variance but would only hear evidence as to whether or not this was a new matter or a re-hearing." The zoning board of appeals denied the plaintiffs' application on January 8, 1970. The plaintiff appealed from that decision to the Court of Common Pleas. The defendant filed an answer and four special defenses, together with what it calls exhibits which purport to be "copies . . . of the proceedings pertinent to the

record." It was evidently intended that these exhibits meet the requirements of § 8-8 of the General Statutes that the board "return either the original papers acted upon by it and constituting the record of the case appealed from, or certified copies thereof."

The defendant included in its account of "the proceedings pertinent to the record" a statement that one of the exhibits returned to the trial court was a "[r]ecord of the transcript of evidence taken in the hearing held on December 29, 1969 (On file as exhibit at hearing held before Judge Sponzo, April 24, 1969 in clerk's office)." We do not have the foregoing in the record or file before the Supreme Court, nor can the clerk of the Court of Common Pleas or the clerk of the Supreme Court locate such a transcript. It is also difficult to understand how the record of the transcript of evidence taken in a hearing held on December 29, 1969, could be used as an exhibit at a hearing held in April, 1969, some nine months before the December hearing was held. The return of the board did not contain the minutes of the executive meeting of the board, if one was held, at which the application was denied. The plaintiffs alleged that on or about January 8, 1970, the zoning board of appeals filed a notice that the plaintiffs' application was denied. This allegation was admitted by the defendant. We cannot find in the record returned to the Court of Common Pleas a recorded statement of the reason for the decision of the board as required by § 8-7 of the General Statutes. The only clue in this regard is contained in an affidavit submitted by the clerk of the zoning board of appeals in the summary judgment proceedings that an attached petition for a variance, which is the subject of the present matter, is a true copy and

that "[a] rehearing was denied in re petition for a variance because the petitioners did not prove substantial new facts." The affidavit does not disclose the vote or when the action was taken by the board. The record as returned to the court by the defendant, therefore, fails to comply with the requirement of § 8-7 of the General Statutes that the board state on its records the reason for its decision. We have stated that it is desirable for the zoning board of appeals to state its reasons since if it does not the court must search the record to attempt to find a basis for the action taken. *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 144, 215 A.2d 104. A search of the record in this case is of no assistance. Usually, a party must state in the appendix to his brief such portions of the record, not contained in the printed record, as are material to support his claim. *Thorne* v. *Zoning Board of Appeals,* 156 Conn. 619, 621, 238 A.2d 400. Neither the plaintiffs nor the defendant filed an appendix. "In an appeal from a zoning board of appeals or a zoning commission, any portion of the record before the board or commission which was returned to the trial court but not included in the printed record shall, if a party desires to present it to us, be printed only in an appendix to the brief. Practice Book §§ 647, 716, 721, see § 719." *Ruggles* v. *Town Plan & Zoning Commission,* 154 Conn. 711, 712, 226 A.2d 108. Vital findings of the court are unsupported by the record and unsupported, of course, because no appendix has been printed. The affidavits and so-called documents filed in support of the summary judgment in no way clarify or resolve the issues raised in the plaintiffs' complaint. The affidavits filed in behalf of the motion for summary judgment concern other cases. One affidavit refers to two applications for

building permits made in December, 1965, together with the city assessor's record of ownership of the properties. Another affidavit concerns a resolution adopted by the common council of the city of New Britain in November, 1969, and accepted by the mayor to compel the owners of the premises at 5 Nancy Road to demolish the building. A document dated January 27, 1970, was also offered in this connection, indicating that the zoning board of appeals upheld an order of the building commission to demolish a building at 5 Nancy Road. The memorandum of decision, dated September 23, 1968, which was filed as an exhibit, dismissed an appeal of the plaintiffs, who had evidently made an application in 1966 to permit the continuation of the construction of an apartment house on Nancy Road and Osgood Avenue. This appeal was heard by the zoning board of appeals on December 27, 1966, and later denied. It is apparent that the affidavits and so-called documents filed, although apparently applicable to a building located on the premises, do not pertain to the specific, particular issue raised by the plaintiffs' pleadings. While pleadings are not held to the artificial standard that once prevailed, no orderly administration of justice is possible without them. *Winick* v. *Winick,* 153 Conn. 294, 298, 216 A.2d 185; *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213. If the case at bar had taken its normal course, without the injection of the inartful and complex pleadings introduced by the filing of four special defenses and the request for a summary judgment, it might have been decided and terminated on a proper record much earlier. It is also difficult to understand the pendency and lack of finality in the execution of the demolition order, and those proceedings as they appear before us in such a confused state demonstrate

a travesty of justice. "A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried. Stephenson, Conn. Civ. Proc. (1966 Sup.), § 131. The function of the trial court, in applying the summary judgment rules, is to determine whether an issue of fact exists but not to try that issue if it does exist." *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228, 253 A.2d 22.

The trial court was in error in rendering a summary judgment in the absence of the facts and the record before the board, and a statement of the reasons for its decision, all of which were necessary for a proper consideration of the issues before the court.

To dismiss the appeal of the plaintiffs the court would have to conclude that the zoning board of appeals, in the appeal as it was fashioned, did not act illegally, arbitrarily or in abuse of its discretion as claimed by the plaintiffs. The trial court did not so conclude in so many words and could not do so because of the infirmities in the record and the evidence presented to it in furtherance of a motion for summary judgment.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.