[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
The following facts are alleged in the complaint. Delores P. Dworak (the "applicant") applied to the East Haddam Planning Zoning Commission (the "Commission") for a site plan review for a parcel of land (the "subject property") she owns in East Haddam, Connecticut. The Commission approved the application and caused notice of the decision to be published in The Regional Standard on July 6, 1991. The plaintiff, Fred Roraback, owns land which abuts the subject property. He appeals from the Commission's decision and alleges that the Commission acted illegally, arbitrarily and in abuse of its discretion in approving the site plan.
II. DISCUSSION
A. Aggrievement:
General Statutes Sec. 8-8(b) provides that "any person aggrieved by any decision of a [planning and zoning commission] may take an appeal to the superior court. . . ." General Statutes Sec. 8-8(a)(1) provides that an aggrieved person, for purposes of General Statutes Sec. 8-8(b), "includes any person owing land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the [planning and zoning commission]."
The plaintiff testified at the hearing before this court that he has been at all relevant times and continues to be the owner of property which abuts the subject property. Accordingly, it is found that the plaintiff is statutorily aggrieved.
B. Timeliness:
General Statutes Sec. 8-8(b) requires that an appeal of a decision of a planning and zoning commission "shall be commenced by service of process [on the chairman or clerk of the planning and zoning commission and the clerk of the municipality] within fifteen days from the date that CT Page 8205 the notice of the decision was published. . . ." See General Statutes Secs. 8-8(a)(2), 8-8(e) and 8-8(f).
The Commission published notice of the decision in The Regional Standard on July 6, 1991. The plaintiff caused process to be served on Mildren E. Quinn, the Town Clerk of East Haddam, and on James Curtin, the Chairman of the Commission, on July 11, 1991. Accordingly, it is found that the appeal is timely.
C. Scope of Review:
 General Statutes Sec. 8-3(g) provides [in pertinent part]: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining conformity of a proposed building . . . with specific provisions of such regulations. . . . A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations." (Emphasis added.)
Friedman v. Planning Zoning Commission, 222 Conn. 262,267-68, ___ A.2d ___ (1992).
 Generally, it is the function of a zoning board or commission to decide "within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116, 117, 186 A.2d 377 [1962]; Stern v. Board of Zoning Appeals, 140 Conn. 241, 244, 99 A.2d 139 [1953]. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, CT Page 8206 442, 190 A.2d 594 [1963]." Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560-61, 236 A.2d 96 1967); see also Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620, 238 A.2d 400 (1968). On appeal, a reviewing court reviews the record of the administrative proceedings to determine whether the commission or the board "`has acted fairly or with proper motives or upon valid reasons."' Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988); Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980).
Schwartz v. Planning Zoning Commission, 208 Conn. 146,152, 543 A.2d 1339 (1988). "[T]he court may not substitute its own judgment for that of the commission. . . ." Friedman v. Planning Zoning Commission, supra, 268 (citation omitted). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Adolphson v. Zoning Board of Appeals, supra, 707 (citations omitted).
D. Failure to Refer the Application to the Inland Wetlands and Watercourses Commission:
The plaintiff alleges that the Commission's decision was illegal, arbitrary and an abuse of its discretion because the Commission failed to refer the application to the East Haddam Inland Wetlands and Watercourses Commission pursuant to General Statutes Sec. 8-3(g). General Statutes Sec. 8-3(g) provides, in pertinent part, that:
 If a site plan application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision.
The plaintiff notes that the Commission heard evidence which tends to prove the existence of wetlands on the subject parcel. (See, e.g., Return of Record ("ROR"), Exhibit N, Transcript of Hearing, May 28, 1991, pp. 25-26, Testimony of CT Page 8207 Andrew Lord, Member of the East Haddam Inland Wetlands and Watercourses Commission.)
The site plan itself contains the notation of R. Richard Snarski, certified soil scientist, that there are no wetlands on the subject property. (ROR, Exhibit B, Site Plan.) In view of this evidence before the Commission, it is decided that the plaintiff has failed to prove that the Commission's decision was illegal, arbitrary or an abuse of the Commission's discretion in failing to refer the application to the Inlands Wetlands and Watercourses Commission.
E. Failure to Refer the Application to the Zoning Board of Appeals:
The plaintiff alleges that the Commission's decision was illegal, arbitrary and an abuse of its discretion because the Commission failed to refer the application to the East Haddam Zoning Board of Appeals. It is undisputed that the subject property is a nonconforming lot because it is smaller than the one-acre size required by the East Haddam Zoning Regulations (the "Regulations") for a residence in the Lake Riverfront district where the subject property is located. (See ROR, Exhibit SS, Regulations Sec. 10.1; Dworak's Brief, p. 4.) The plaintiff notes that according to the Regulations, "[t]he construction of a permitted building or structure . . . on a nonconforming lot or parcel may be allowed by the Commission, following Site Plan Approvl [sic] in accordance with Section 14A of the Regulations. . . ." The plaintiff also notes that Regulations Sec. 14A.4.B provides, in pertinent part, that:
 The [site plan] application shall conform in all respects with these Regulations, unless a certified copy of a variance from any such provision is submitted with the application, or the Zoning Enforcement Officer has issued a finding that the nonconformance is a legal, pre-existing nonconformity in accordance with Section 8 of these Regulations.
The plaintiff argues that the Commission's decision was illegal, arbitrary and an abuse of its discretion because the lot does not conform with the regulations and the applicant failed to submit either a variance or a finding issued by the Zoning Enforcement Officer that the nonconformance is a legal, pre-existing nonconformity.
The Commission and the applicant note that Regulation CT Page 8208 Sec. 8.1.2 provides: "The construction of a proposed building or structure or the establishment of a permitted use, on a nonconforming lot or parcel may be allowed by the Commission following Site Plan Apprvl [sic] in accordance with Section 14A of these Regulations. . . ." The Commission and the applicant argue that because the nonconformity of the subject property predates the enactment of the Regulations, the applicant was not required to seek a variance before applying for site plan approval regardless of whether the applicant had purchased the subject property after the enactment of the Regulations:
 "Where a nonconformity exists, it is a vested right which adheres to the land itself. `And the right is not forfeited by a purchaser who takes with knowledge of the regulations which are inconsistent with the existing use.' 1 Anderson, American Law of Zoning (2d Ed.) Sec. 6.37, p. 445." Petruzzi v. Zoning Board of Appeals, 176 Conn. 479, 483, 408 A.2d 243 (1979).
Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296,300, 429 A.2d 883 (1980).
The holding of the Johnny Cake court was merely that nonconformity runs with the land so that a purchaser of a nonconforming parcel retains the predecessor's right, if any, to seek a variance. Id., 300-301. Accordingly, it is decided that the applicant was not relieved of the requirement of submitting either a variance or a finding from the Zoning Enforcement Officer merely because the applicant was entitled to seek a variance. It is therefore found that the plaintiff has established that the Commission's decision was arbitrary, illegal and an abuse of its discretion.
F. Commission's Action Unrequested:
The plaintiff argues that the Commission's decision was illegal, arbitrary and an abuse of its discretion because the Commission granted relief under Regulations Sec. 8.1.2, entitled, "Use of Non-Conforming Lots, Merger," when the application requested relief under Regulations Sec. 8.1.3, entitled, "More Than One Dwelling On A Parcel," (ROR, Exhibit A, Application.)
The Commission and the applicant concede a clerical error. (Applicant's Memorandum, p. 5.) The Commission and the applicant note that the application is one for CT Page 8209 site plan review. (See ROR, Exhibit A, Application.) The Commission and the applicant further note that the Commission proceeded on the application as one for site plan review and that the legal notices for the hearings so indicate. (See ROR, Exhibits E, Legal Notice; Exhibit V, Legal Notice). The Commission and the applicant also note that the plaintiff has not alleged any confusion or prejudice resulting from this clerical error. The Commission and the applicant argue that the clerical error is no more than a procedural irregularity which does not require the court to set aside the Commission's decision.
The court in Murach v. Planning Zoning Commission,196 Conn. 192, 205, 491 A.2d 1058 (1985), stated that "not all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown." It is decided that the reference to the wrong section of the Regulations is a mere procedural irregularity and, in the absence of an allegation of prejudice resulting therefrom, the plaintiff has failed to prove that the Commission's decision was illegal, arbitrary or an abuse of its discretion.
G. Failure to Meet the Public Health Code:
1. Impermissibly High Ground Water:
The plaintiff argues that the Commission's decision was illegal, arbitrary and an abuse of its discretion because the Commission approved the site plan application despite the fact that the site plan failed to meet the Public Health Code. The plaintiff notes that Regulations Sec. 14A.4.G provides, in pertinent part:
 No site plan shall be approved, if the soil percolation and groundwater and ledge observation test pits, which must be taken in situ (original undisturbed soil), indicate:. . . b) Maximum ground water higher than three (3) feet below the existing surface or mottling higher than two (2) feet below the existing ground surface.
The plaintiff further notes that the original site plan filed with the applicant's previous application and the plaintiff's sanitarian, Philip M. Block, indicate that the maximum ground water level was to be found at thirty to thirty-six inches. (See ROR, Exhibit B, Site Plan; Exhibit AA-2, Letter from Philip M. Block, R.S. to Frederick CT Page 8210 Roraback.)
The "Subsurface Soil Data" notes contained on the Site Plan indicate that mottling was found at thirty to thirty-two inches and that ground water was found at fifty-five and seventy-two inches. (See ROR, Exhibit B, Site Plan.) In view of this evidence before the Commission, it is decided that the plaintiff has failed to prove that the Commission's decision was illegal, arbitrary or an abuse of its discretion.
2. Lack of Town Sanitarian's Certification:
The plaintiff notes that the site plan indicates that the soils on the subject property are of the "Paxton" and "Woodbridge" types. (See ROR, Exhibit 2, Site Plan.) Appendix III of the Regulations classifies these soils as "severe."[1] Regulations Sec. 14A.2.B.2 provides, in pertinent part:
 If any existing soils in the immediate area of the site designated for sanitary waste disposal are classified as having "severe" limitations for on-site sewerage treatment . . . then a subsurface sewerage disposal plan shall be presented to the Commission. Said plan . . . shall be accompanied by a written report of the Town Sanitarian or his representative certifying that the plan will resolve the limitations of the soil, and will pose no significant risk to the public health or safety.
The plaintiff argues that the Commission's decision was illegal, arbitrary and an abuse of the Commission's discretion because the applicant failed to provide the Commission with a written report from the Town Sanitarian of any kind.
The Commission and the applicant argue that the endorsement of the Town Sanitarian found on the site plan itself, in conjunction with the on-site sewerage treatment plan also found on the site plan and the approval of the plan by the Connecticut Department of Health Services; (See ROR, Exhibit J, Approval of Septic System by Connecticut Department of Health Services); satisfies the requirements of Regulations Sec. 14A.2.B.2.
Nevertheless, the applicant is unambiguously CT Page 8211 required by the Regulations to submit a written report from the Town Sanitarian certifying that the plan will resolve the limitations of the soil and will pose no significant risk to the public health or safety. It is found that because the applicant failed to submit a report from the Town Sanitarian in compliance with Regulations Sec. 14A.2.B.2, the plaintiff has proved that the Commission's decision was illegal, arbitrary and an abuse of the Commission's discretion.
3. Lack of a Well:
The plaintiff argues that the Commission's decision was illegal, arbitrary and an abuse of discretion because the Commission approved the site plan application despite the lack of any safeguards that a well complying with the Public Health Code could be constructed. The plaintiff notes that the small size of the lot provides the applicant with little latitude in the placement that the proposed well would succeed.
The Commission and the applicant argue that the subject of well drilling and enforcement of the Public Health Code are issues beyond the jurisdiction of the Commission.
An applicant seeking site plan approval need comply only with the Regulations. Friedman v. Planning 
Zoning Commission, supra, 268; Schwartz v. Planning Zoning Commission, supra, 152. Although Regulations Sec. 14A.4.G
The Commission and the applicant note that the Connecticut Department of Health Services approved the proposed septic system and referred to it as a "very thorough plan." (See FOR, Exhibit J, Approval of Septic System by Connecticut Department of Health Services.)
In view of this evidence before the Commission, it is decided that the plaintiff has failed to prove that the Commission's decision was illegal, arbitrary or an abuse of the Commission's discretion.[2]
H. Discriminatory Rules:
The plaintiff argues that the rules under which the Commission was acting were discriminatory and illegal because a person with an existing seasonal residence on a lot the same size as the applicant's would not be able to take advantage of the site plan procedure utilized by the applicant.
"Under long established principles, a party is CT Page 8212 precluded from asserting the constitutional rights of another." Superintendent of Police v. Freedom of Information Commission, 222 Conn. 621, 630, ___ A.2d ___ (1992) (citation and internal quotation marks omitted). Accordingly, it is found that the plaintiff's equal protection claim must fail because the plaintiff has not alleged that the regulations he challenges have affected his own constitutional rights.
I. Confiscation of Abutters' Property Without Due Process of Law:
The plaintiff argues that the Commission's action was illegal, arbitrary and an abuse of its discretion because the decision resulted in the confiscation of the property of the Browns, whose land abuts the subject property, without due process of law.
"Under long established principles, a party is precluded from asserting the constitutional rights of another." Superintendent of Police v. Freedom on Information Commission, supra. Accordingly, it is found that the plaintiff's due process claim must fail because the plaintiff has not alleged that the Commission's decision has affected his own constitutional rights.
J. Failure to Consider the Charter of the Lake Hayward Property Owners Association:
The plaintiff notes that the subject property lies within the Lake Hayward Property Owners Association (the "LHPOA"), an association created by Special Act 87 (1957). Section 17 of this Special Act states that the LHPOA is subject to all ordinances "now in force or later enacted." The plaintiff argues that the Commission's action was illegal, arbitrary and an abuse of its discretion because the LHPOA is bound by the ordinance which requires that year-round residences in the Lake Riverfront zone must be on one-acre parcels.
The LHPOA is also bound by Regulations Secs. 18.1.2 and 14A.4.B, which allow owners of nonconforming parcels to apply for site plan approval. Accordingly, it is further decided that the plaintiff has failed to prove that the Commission's decision was arbitrary, illegal or an abuse of the Commission's discretion.[3]
III. CONCLUSION
For the reasons hereinstated it is concluded that the court should and does sustain the plaintiff's CT Page 8213 appeal and reverses the Commission's decision because the applicant failed to submit either a variance or a finding from the Zoning Enforcement Officer as required by Regulations Sec. 14A.4.B and because the applicant failed to submit a written finding of Town Sanitarian as required by Regulations Sec. 14A.2.B.2.
It is so ordered.
ARENA, J.