[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Town of East Hartford Zoning Board of Appeals (hereinafter referred to as the "ZBA") from its decision denying the plaintiff's application for: (1) a twenty foot front yard variance; (2) a 4.6 foot side yard variance; and (3) a variance for off-street parking on the front of the lot. The subject property, known as 167 Goodwin Street, is a triangular parcel consisting of approximately 14,500 square feet and is bounded on each side respectively by Goodwin Street, railroad tracks and private property. It lies in an I-2 zone. The plaintiff sought the variances to construct an office building-warehouse of about 10,075 square feet. The existing zoning regulations require a forty-five foot set back line in the front and a 9.6 foot side yard requirement. The plaintiff's proposed construction plans would also violate off-street parking and loading requirements of the zoning regulations.
A public hearing before the ZBA concerning the plaintiff's application was held on December 4, 1986. At the hearing, the ZBA agreed to vote separately on each variance request. The ZBA voted 3-2 against all three variance requests.
The plaintiff instituted the instant appeal on December 26, 1986, alleging that the ZBA, in denying plaintiff's application, acted illegally, arbitrarily, unreasonably and abused its discretion in that: (1) it failed to state any reasons for its denial of the second and third requests for a variance; and (2) the plaintiff demonstrated exceptional difficulty and undue CT Page 9335 hardship.
As the owner of the subject property, the plaintiff is aggrieved. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 307 (1991). The record demonstrates clearly that the appeal was commenced within the fifteen day statutory limit inasmuch as the ZBA's decision was published on December 9, 1986, and the Town Clerk and ZBA chairman were served on December 19, 1986.
The plaintiff asserts that the ZBA's failure to state any reasons for its denial of his applications for side yard and front yard parking variances was per se illegal. Specifically, the plaintiff argues that the requirements, under General Statutes8-7, of stating the reasons for denial is mandatory, and, therefore, a failure to comply with such requirements is illegal.
Section 8-7 provides in relevant part, that "[w]henever a zoning board of appeals grants or denies any variance in the zoning regulations applicable to any property[,] . . . it shall state upon its records the reason for its decision. . . ." General Statutes (Rev. to 1987) 8-7. Although it is desirable, the requirement of General Statutes 8-7 that the zoning authority state the reasons for its decision on the record is not mandatory. Hovanesian v. Zoning Board of Appeals,162 Conn. 43, 47 (1971); Ward v. Zoning Board of Appeals,153 Conn. 141, 144 (1965). Where the zoning authority has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby. Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 694-95 (1993), citing Protect Hamden/North Haven From Excessive Traffic Pollution, Inc. v. Planning and Zoning Commission, supra, 545 n. 15; Gagnon v. Inland Wetlands and Watercourses Commission, 213 Conn. 604,607-08 (1990). The defendant's failure to state its reasons for denial is not per se illegal. Accordingly, the plaintiff's appeal is not sustained on this ground.
The plaintiff asserts also that he has shown exceptional difficulty and unusual hardship. The plaintiff alleges that this hardship is caused by adherence to the strict letter of the zoning regulations. He claims that strict compliance with the regulations is unnecessary to carry out the general purpose of the zoning plan.
"A variance `authorizes the landowner to use his property CT Page 9336 in a manner prohibited by the regulations.'" (Emphasis in original; citations omitted). Wnuk v. Zoning Board of Appeals, supra, 697; see also Kaeser v. Zoning Board of Appeals,218 Conn. 438, 445 (1991). Two basic conditions must be satisfied in order for a variance to be granted: "(1) the variance is shown not to affect substantially the comprehensive zoning plan[;] and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to carrying out the general purpose of the plan." Pike v. Zoning Board of Appeals, 31 Conn. App. 270 (1993), citing Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988); see also Aldophson v. Zoning Board of Appeals, 205 Conn. 703, 709 (1988).
With respect to hardship, the defendant contends that the plaintiff's claim thereof constitutes an economic hardship only. The defendant argues that the economic impact on plaintiff that may result from the strict application of the regulations is not a hardship as a matter of law. The defendant avers that in order for such an impact to be considered a hardship, there must be evidence in the record to establish that the subject property has little or no value when all of its possible uses are considered. The defendant points out that the plaintiff "still has the ability to use his lot for other purposes. He can put a building on his lot that covers more than 50 percent of the lot, and use other portions of the lot for parking or other uses."
Although it is true that "[a] mere decrease in property value or other financial loss will not ordinarily constitute a hardship sufficient to mandate the issuance of a variance"; Pike v. Zoning Board of Appeals, supra 274, citing Grillo v. Zoning Board of Appeals, supra 369; and "[t]hat it would be to the applicants' financial advantage to secure the variance does not warrant a relaxation of the zoning regulations on the ground of practical difficulty or unnecessary hardship"; Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662 (1965); it is found that the hardship claimed by the plaintiff is not economic. The plaintiff's claim of hardship, rather, is that he is unable to use his lot to the maximum use permitted under the zoning regulations.
The defendant argues also that the triangular shape of the property is being used by the plaintiff to "cloak" a self-inflicted economic hardship. The defendant asserts that the plaintiff knew the shape of the lot when he purchased it, and CT Page 9337 was aware of the zoning limitations in force. The defendant further posits that the plaintiff "got what he paid for." The defendant concludes that plaintiff has no cause to complain about any hardship, and that the defendant is not required to extricate him from an unusual hardship.
On the other hand, the plaintiff asserts that the hardship in the instant action was not self-inflicted but originated in the zoning ordinances. The plaintiff argues that the hardship necessary for each variance is a direct consequence of the application of the minimum set back and side yard regulations and the restricted front yard parking regulations as applied to his irregularly shaped lot. Zocco contends in addition that since there was no prohibition on front yard parking when he bought his property, it was the change in the zoning regulations which created the need for the front yard parking variance. Finally, the plaintiff asserts that the granting of a variance of 25 feet from the front yard setback line should have been granted as a matter of right.
To support the granting of a variance, "a hardship `"must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control."'" Pike v. Zoning Board of Appeals, supra 274, quoting Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 191
(1991); see also Kaeser v. Zoning Board of Appeals, supra, 445. "A variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property." Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636, cert. denied,220 Conn. 923 (1991).
When the application of setback requirements to an unusually shaped property restricts the area which an owner may use to less than the maximum use allowed by the regulations, the resulting hardship is not self-inflicted. See Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 150 (1976); Lawrence and Memorial Hospital, Inc. v. Zoning Board of Appeals, 22 Conn. App. 291,300-01 (1990). The plaintiff's property is located in an Industry 2 zone. Section 525 of the East Hartford Zoning Regulations provides that "[a]ll buildings shall cover not more than 75 percent of the area of the lot." The maximum use permitted under the zoning regulations is 75 percent of the lot, therefore. CT Page 9338
The record shows that as a result of application of the zoning regulations to the plaintiff's triangular shaped lot, the plaintiff is unable to use his lot up to the maximum use permitted under the regulations. The plaintiff testified before the ZBA that the total area of his lot is 14,543 square feet. Under 525, the maximum permitted use of the plaintiff's lot would be 10,907 square feet, or 75 percent. The plaintiff also testified that with the variances, the plaintiff would be able to construct a 10,075 square foot building which would allow the plaintiff to use 70 percent of the lot. Zocco further testified that without the variance, the maximum building he could construct would be 7,800 square feet which would allow use of only 54 percent of the lot. The application of the zoning regulations restricts the plaintiff's ability to use his lot to the maximum use permitted; hence the court finds that the plaintiff's hardship was not self-inflicted. The plaintiff asserts that rather than impairing their integrity, the granting of the variances "would promote the stated purpose in zoning regulation 100 to encourage the most appropriate use of land throughout the town." In opposition, the defendant argues that granting of the variance applications would represent a departure from the town's comprehensive zoning scheme, and that such a departure would not be justified even if it caused no great harm to landowners around the lot.
"In the absence of a formally adopted comprehensive plan, a town's comprehensive plan is to be found in the scheme of the zoning regulations themselves." Protect Hamden/North Haven From Excessive Traffic Pollution, Inc. v. Planning and Zoning Commission, 220 Conn. 527, 551 (1991). "`"A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties."'" Id. If the use to be allowed by the variance is consistent with other uses in the area, the variance does not substantially affect the comprehensive plan. Eagan v. Zoning Board of Appeals, 20 Conn. App. 561,564 (1990).
Section 100 of the Zoning Regulations provides that the purpose of the regulations is, inter alia, to promote the health, safety, morals and general welfare of the community and to encourage the most appropriate use of land throughout the town. Section 521 provides that "wholesale storage and warehousing" CT Page 9339 is a permitted use in an I-2 zone. The plaintiff testified in front of the ZBA that the variances were required so that he could construct a building for industrial storage. At that same public hearing, the defendant noted that "whatever this board does it prevents one thing, it does not prevent this man from using his property for an industrial use. Its [sic] not going to be prevented"; and that the plaintiff was entitled to build a smaller building on his lot without the variances. The record discloses as well that off-street front yard parking already exists in the neighborhood. The defendant's conclusion that granting the variances "would not substantially serve the public convenience and welfare and would not be in accordance with the lawful intents and purposes of the zoning regulations" is not supported by the record.
The plaintiff's appeal is sustained. Inasmuch as the record is unclear as to whether or not the granting of at least one of the variances as opposed to the granting of all three would enable the plaintiff to proceed with construction, the matter is remanded to the Board for further proceedings.
HOWARD SCHEINBLUM JUDGE, SUPERIOR COURT