## Andrew Spesa et al. *v.* Zoning Board of Appeals of the City of New London et al.

Inglis, C. J., Baldwin, O'Sullivan and Wynne, Js.[1]

Argued October 8—decided November 16, 1954

*Edmund J. Eshenfelder,* for the appellant (defendant board).

---

[1] By agreement of counsel the case was argued before and decided by four judges.

No appearance for the appellants (defendants Kimmel) or for the appellees (plaintiffs).

BALDWIN, J. Henry Kimmel and Sons, of New York, own a parcel of land in New London on the southerly side of the state highway known as route 1. This parcel, 7.73 acres in area, has a frontage of 559 feet along route 1 and extends, its depth varying from 412 to 650 feet, to Vauxhall Street, which is the highway next south of route 1 and which runs, at this point, approximately parallel with it. The Kimmel land fronting on route 1 lies, to a depth of 150 feet, in a zone designated as business 1-A. The remainder of the parcel is in a residence A zone. Kimmel and Sons applied to the building inspector for permits to erect two multifamily dwellings on their land. Under the zoning ordinance such buildings were permitted in a business 1-A zone but not in a residence A zone. The proposed dwellings were to be located 35 feet from route 1 and would extend across the zone boundary toward Vauxhall Street to a point 125 feet from it. The building inspector issued the permits, and the plaintiffs appealed to the zoning board of appeals, which sustained the inspector. The plaintiffs then appealed to the Court of Common Pleas, which reversed the board's action. Kimmel and Sons and the board have appealed to this court. The decision of the case turns upon the interpretation of the pertinent provisions of the zoning ordinance.

The question before the inspector and the board was whether the use of the land proposed in the application for the permits was permitted by § 13 of the New London building zone ordinance. It could not be gainsaid that the lot or plot on which the proposed buildings were to be placed was an

"interior lot" as defined by the ordinance and that it was divided by a zone boundary. New London Bldg. Zone Ordinance, §§ 1(a), (d), (e), (f), 13 (1953). The buildings were to be placed more than 100 feet from Vauxhall Street. The wording of the ordinance, set forth in a footnote,[1] is clear and poses no question of construction. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773; *Danbury* v. *Corbett,* 139 Conn. 379, 384, 94 A.2d 6. The proposal for the location of the multifamily dwellings contained in the application for the permits fell squarely within the terms of the ordinance, and the board's action in sustaining the issuance of the permits was correct.

Subsection 1 of § 15 of the ordinance specifically authorizes the zoning board of appeals to act upon a ruling of the building inspector involving an interpretation of the regulations. A zoning ordinance

---

[1] "Section 1. DEFINITIONS.

. . . . .

"(a) . . . the word 'lot' includes the word 'plot' . . . ."

. . . . .

"(d) A 'lot' is a parcel of land occupied by one building and the accessory buildings or uses customarily incident to it, including such open spaces as are required by this ordinance, and such open spaces as are arranged and designed to be used in connection with such building.

"(e) A 'corner lot' is a parcel of land not over fifty feet in width and not over 100 feet in depth at the junction of and fronting on two intersecting streets.

"(f) An 'interior lot' is a lot other than a corner lot.

. . . . .

"Sec. 13. ZONE BOUNDARIES.

. . . . .

"A lot situated in the interior of a block and divided by the zone boundary lines into two different zones may, in so far as it is situated at least 100 feet from any street bounding the block in which it is located, be used in accordance with the use regulations of the less restricted zone into which the lot is divided."

may properly do this. See 1 Yokley, Zoning Law & Practice, § 120; Rathkopf, Law of Zoning & Planning (2d Ed.) p. 158. In passing upon the issuance of a permit, the board is an administrative body acting in a quasi-judicial capacity. *Burr* v. *Rago*, 120 Conn. 287, 292, 180 A. 444; 8 McQuillin, Municipal Corporations (3d Ed.) p. 436. Subsection 2 of § 15 allows the board, when a lot held in single ownership is crossed by a zone boundary, to extend a use permitted in one of the zones into the other where it is forbidden. Neither the board nor the inspector, however, purported to act under this section. The court mistook the function exercised by the board in the instant case by construing the application for the permit as a request under § 15(2) for a variance of the zoning regulations.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiffs' appeal.

In this opinion the other judges concurred.