FRANK PASCALE *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

114

Argued October 5—decided November 20, 1962

*Mitchel W. Garber,* for the appellant (defendant Cuozzo).

*Wilbur J. Land,* for the appellee (plaintiff).

BALDWIN, C. J. On April 22, 1960, the plaintiff applied for, and the building inspector granted, a permit to erect a two-story four-family house on premises owned by the plaintiff at 394 and 398 Lexington Avenue in New Haven. The building is in a residence B zone. See New Haven Zoning Ordinance § 1013 (1958); New Haven Code § 32-44 (1962). The regulations require that in such a zone there be two side yards aggregating at least fifteen feet in width and that neither be less than seven feet wide. New Haven Zoning Ordinance § 1023 (1958); New Haven Code § 32-27 (1962). The side yards adjacent to the plaintiff's building are eight feet and nine feet four inches, respectively. There is a separate means of ingress and egress to each of the two second-floor apartments by a series of steps and risers. These steps are adjacent to, and at right

angles to, the outside of the building on one side, and each series leads upward to a landing outside a door to an apartment. They have railings but are uncovered. The inspector's final approval of the building was given on December 20, 1960. Mrs. Vito Cuozzo, a defendant, owns the house and lot adjoining the side yard into which the steps project. On January 10, 1961, she appealed to the defendant board from the decision of the building inspector, claiming that the steps violated the side-yard requirement of the regulations. On February 7, 1961, the board, after a hearing, sustained her appeal and ordered the plaintiff to correct the violation. The plaintiff appealed to the Court of Common Pleas, which overruled the board. Mrs. Cuozzo has appealed from the judgment.

The special act creating the board of zoning appeals of New Haven provides that any person claiming to be aggrieved by any decision made by the administrative official charged with the enforcement of the zoning ordinance may appeal to the board, which "shall hear and determine the legality and reasonableness of" the decision. 19 Spec. Laws 1007, § 6; see *Celentano, Inc.* v. *Board of Zoning Appeals,* 149 Conn. 671, 676, 184 A.2d 49; *Spesa* v. *Zoning Board of Appeals,* 141 Conn. 653, 655, 109 A.2d 362. A statute of this kind entrusts to the board "the function of deciding, within prescribed limits and consistent with the exercise of legal discretion, whether the ordinance applies to a given situation, and the manner in which it does apply." *Stern* v. *Zoning Board of Appeals,* 140 Conn. 241, 245, 99 A.2d 130. The interpretation of legislation presents a question of law. *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 684, 136 A.2d 785. However, an administrative

agency such as the board in the instant case is called on to determine the applicability of the law to a given state of facts presented to it. See *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 75, 147 A.2d 472. The trial court had to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts.

The zoning ordinance defines "side yard" as the "required open space extending along the side lot line throughout the whole depth of the lot, excluding cornices, eaves, gutters and chimneys projecting not more than 12 inches, and uncovered steps." New Haven Zoning Ordinance § 1008 (9) (1958); New Haven Code § 32-2 (15) (1962). The plaintiff claims that the means of ingress and egress which he has provided for the second floor of his building are "uncovered steps" within the meaning of that term in the ordinance.

When ambiguous language is used in a zoning ordinance, its meaning and scope may be found by examining the language in the light of other provisions in the ordinance, by ascertaining the object sought to be accomplished, and by considering all other relevant circumstances. *Garbaty* v. *Norwalk Jewish Center, Inc.,* 148 Conn. 376, 381, 171 A.2d 197; *Wilson* v. *Miller,* 144 Conn. 212, 214, 128 A.2d 894; *Gilbert* v. *Hamden,* 135 Conn. 630, 635, 68 A.2d 157; *Darien* v. *Webb,* 115 Conn. 581, 585, 162 A. 690. The ordinance contains no legislative definition of the term "uncovered steps." The building code of New Haven, however, defines "stairway" as follows: "One or more flights of stairs having three (3) or more risers with connecting landings and platforms which provide a continuous and uninterrupted passage from one story to another or to the ground in a building or structure." New Haven Bldg. Code

¶ 401(157) (1962). It is true that the phrase "in a building or structure" may contemplate a stairway inside the building or a stairway otherwise incorporated in the structure. It is likewise true that significance must be given to the words "to the ground" and the use of "in" rather than "within." Furthermore, the building code defines "exitway" as the "exit doorway or doorways, or such doorways together with connecting hallways and stairways, whether interior or exterior," by which the occupants of a building may proceed from the inside to the street. Id. ¶ 401(59). The code provides that at least one of the requisite exitways from a building such as the plaintiff's may be a stairway on the outside. Id. ¶ 713.2. An examination of a photograph which was before the board and the court shows each of the series of steps complained of to be precisely that, a stairway on the outside of this building.

The obvious purpose of the side-yard regulation is to serve the public health and safety by requiring space for the free passage of air between buildings and to prevent the ready spreading of fire from one building to another. 1 Metzenbaum, Zoning (2d Ed.) p. 241. "Uncovered steps" leading, for example, to the first floor of a dwelling would, in most instances, furnish little or no obstruction to the free passage of air, nor would they provide means for the easy communication of fire to an adjoining building. Steps which constitute stairways to a second, third or even higher floor and project from the side of the building almost to the boundary line of the property most certainly would. The decision of the board to the effect that the building inspector had misapplied the zoning regulation was one which it was within the power of the

board to make, and it was reasonable and proper. The trial court erred in overruling it.

The plaintiff also claims that the city is estopped because he constructed the steps only after securing a building permit. He argues further that Mrs. Cuozzo's claim for relief is barred by laches because she delayed too long in appealing to the board. Neither the special act providing for zoning in New Haven nor the ordinance specifies any time within which an appeal to the board of zoning appeals must be taken. 19 Spec. Laws 1006; New Haven Zoning Ordinance (1958); New Haven Code, c. 32 (1962); see General Statutes § 8-7. If we assume, without deciding, that the city could be estopped in the manner claimed, that estoppel could not defeat Mrs. Cuozzo's right as an aggrieved property owner to seek and obtain relief from the board. We need pass only on the claim of laches asserted against Mrs. Cuozzo, who is the only appellant in this court.

To establish laches as a defense, one must prove not only an inexcusable delay in advancing the claim made against him but also that the delay has unduly prejudiced him. *Bahr Corporation* v. *O'Brion*, 146 Conn. 237, 249, 149 A.2d 691, and cases cited. The plaintiff secured his permit in April, 1960. It does not appear when he began the construction of his house. On July 7, 1960, Mrs. Cuozzo, by a letter from her attorney to the building inspector, sought a ruling on whether the steps violated the side-yard requirement. By August 10, 1960, the construction of the steps was completed. By letter dated August 10, 1960, the building inspector replied to the July 7 letter of Mrs. Cuozzo's attorney and stated that an assistant building inspector had informed Mrs. Cuozzo that there was no violation of the side-yard

requirement. On October 19, 1960, the building inspector by letter to Mrs. Cuozzo's attorney stated his formal opinion that the steps did not violate the side-yard requirement. On December 20, 1960, he gave his final approval to the entire building. Mrs. Cuozzo appealed to the board on January 10, 1961. She made her claim known well in advance of the completion of the steps and thereby put the plaintiff on notice. Even if the inspector's letter of August 10, 1960, could be considered to be his ruling on the issue (he did not make a formal ruling until his letter of October 19, 1960), the steps were already completed. There is nothing to show that any delay thereafter prejudiced the plaintiff. On these facts, which appear to be conceded by the parties, we conclude, as a matter of law, that Mrs. Cuozzo was not guilty of laches. See *Bahr Corporation* v. *O'Brion,* supra; *Mills* v. *Mills,* 119 Conn. 612, 621, 179 A. 5.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.