[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#115) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#116)
The plaintiff in this case instituted a lawsuit against the defendant in connection with the defendant not renewing an CT Page 2407 automobile insurance policy previously issued to the plaintiff. The amended complaint is in three counts. The first count alleges that the plaintiff had had successive six month automobile insurance policies issued by the defendant from 1987 until January 5, 1990 when the defendant refused to renew the policy. The first count goes on to allege that the failure to renew the policy violated Connecticut General Statutes 38-175x(4) in that the nonrenewal was based solely on the age, sex or marital status of the plaintiff, and also that the defendant violated 38a-175x(7) in that the nonrenewal was based upon a claim of accidents occurring within the current experience period in relation to which the plaintiff was not convicted of a moving traffic violation and was not at fault. This conduct by the defendant is also claimed to be an unfair insurance practice in violation of Connecticut General Statutes 38-60 and 38-61(9).
The second count repeats all of the allegations of the first count and claims that the conduct of the defendant is an unfair trade practice in violation of Connecticut General Statutes 42-110a
et seq. (CUTPA).
The third count refers back to the claims made in the first count, and alleges that the defendant has a duty to comply with the insurance laws and acted in bad faith by its refusal to renew the plaintiff's insurance policy; and that the defendant acted with reckless indifference to the rights of the plaintiff, acted negligently, failed to be fair, failed to use reasonable skill and diligence, and acted in a wanton and reckless manner by placing its own interest before those of the plaintiff.
By way of relief the plaintiff is seeking a declaratory judgment that the defendant is obligated to renew the plaintiff's insurance policy, damages and punitive damages.
Before the court is the defendant's motion for summary judgment (#115) and the plaintiff's motion for summary judgment on the first count of the complaint (#116).
A summary judgment is granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The function of the trial court is to determine whether an issue exists, not to try it if it does. Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 682 (1984).
"The party seeking summary judgment has the burden of showing the nonexistence of any genuine issue of material fact," Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) and the burden of establishing entitlement to recovery as a matter of CT Page 2408 law. Zapata v. Burns, 207 Conn. 496, 502, 542 A.2d 700 (1988).
The defendant's motion for summary judgment is directed at the entire three count complaint but the claims advanced by the defendant in support of its motion only deal with the allegation in the first count concerning an alleged violation of 38-175x(7). There is nothing in the defendant's memoranda or supporting documents which attempts to show that there is no issue of material fact with respect to the alleged violation of 38-175x(4). Therefore the defendant's motion for summary judgment must be denied because the summary judgment procedure is not appropriate in dealing with only one of two legal claims made in one count.
The plaintiff's motion for summary judgment claims that there is no material issue of fact with respect to one of her claims made in the first count, specifically an alleged violation of 38-175x(7), that the court should so find, and therefore summary judgment should enter in favor of the plaintiff on the first count. The court would agree with this reasoning if it agreed that there was no issue of material fact relating to an alleged violation of 38-175x(7). However, the court does not agree that there is no issue of material fact on that particular claim.
The statute which the plaintiff claims the defendant has violated is 38-175x(7), now 38a-358(7).
 "SEC. 38a-358. (Formerly Sec. 38-175x). Declination, cancellation or nonrenewal of private passenger nonfleet auto insurance policies prohibited for certain reasons. The declination, cancellation or nonrenewal of a policy for private passenger nonfleet automobile insurance is prohibited if the declination, cancellation or nonrenewal is based: . . . (7) the first or second accident within the current experience period in relation to which the applicant or insured was not convicted of a moving traffic violation and was not at fault."
One of the key issues with respect to this case is a determination of what is meant by "the current experience period" as used in 38a-358(7). The legislature has not defined that term as it is used in the statute in question. Usually the interpretation of legislation presents a question of law. Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116. When there is an ambiguity in the statute, the court "seeks to ascertain the actual intent by looking to the words of the statute itself . . . the legislative history and circumstances surrounding the enactment of the statute . . . and the purpose of CT Page 2409 the statute is to serve." Rhodes v. Hartford, 201 Conn. 89, 93.
The defendant points to General Statutes 31-225a as aiding in determining what the legislature meant by "the current experience period." This statute dealing with unemployment compensation does define "experience period" but the definition is specifically limited to the unemployment compensation statutes and has no relevance to the statute in issue in this case.
It is when the court reviews the legislative history that it appears to the court that there is an unresolved issue of fact with respect to interpreting the words "the current experience period." During debate in the House of Representatives questions were asked as to what was meant by the current experience period. The answer was that "Depending on your policy that is either three or five years." Also, "It varies from company to company." Another legislator used the words "whatever it might be" with reference to an individual's experience period. It is not clear to the court whether the legislators were referring to an insurance policy issued by an insurance company or whether it was a reference to the company policy. Since the meaning of the term appears to vary from company to company and there is no evidence before the court as to what period of time the defendant insurance company uses, there is an issue as to a material fact.
While one might argue that the current experience period is either three or five years, and since all three accidents referred to occurred within a three year period ending with the notice of nonrenewal, that the court should assume the shorter period of three years. The court does not feel that the vague statements made during legislative debate are adequate for such a conclusion on a motion for summary judgment.
Accordingly, for the reasons stated above the defendant's motion for summary judgment (#115) and the plaintiff's motion for summary judgment (#116) are both denied.
WILLIAM L. HADDEN, JR., JUDGE