[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed from the Planning and Zoning Board of the Town of Stratford [hereinafter "board"] which denied their appeal of a decision of the town's zoning enforcement officer [hereinafter "officer"][1] refusing zoning permission to install a toilet and sink in a pool house on property located in an RS-4 district, at 205 York Street, Stratford, Connecticut. The board's action was taken pursuant to Conn. Gen. Stat. 8-3(f) and 8-6 and the Zoning Regulations of the Town of Stratford [hereinafter "regulations"]. This appeal is brought pursuant to Conn. Gen. Stat. 8-8.
The parties have stipulated that the plaintiffs William and Edith Kennedy own the property located at 205 York Street, Stratford, Connecticut, and have owned the property during all relevant time periods. The plaintiffs, therefore, are aggrieved. Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488 (1967).
The following facts are pertinent: On June 21, 1991, the plaintiffs sent a letter to the officer requesting him to sign approval of a plumbing permit application. The purpose of the plumbing permit application was to allow the installation of toilet facilities and related plumbing in a pool house located on the plaintiffs' property at 205 York Street, Stratford. The officer refused to sign approval. On September 3, 1991, after a public hearing, the board upheld the officer's decision.
There is an extensive prior history surrounding the plaintiffs' request for a plumbing permit. In August 1989, a zoning permit was administratively issued to construct the plaintiffs' pool house as an accessory use under 1.1 and 3.11 of the regulations. The plans submitted at that time showed a 17 by 30 foot structure detached from the residence and attached to an above-ground pool which met the height and setback requirements for an accessory use under the regulations. There were no bathroom or plumbing facilities shown. In October 1989, an electrical inspection and permit were granted.
Subsequently, in 1990, plaintiffs hired a plumber to install a toilet and sink in the pool house but work was stopped by the officer, who told the plaintiffs to file for a variance because installation of plumbing in the pool house would convert it from an accessory use to a second principal building on one lot. The plaintiffs filed a petition for variance which was denied by the board in November 1990 after a public hearing. Apparently no appeal was taken to the Superior Court from the denial of the variance. Instead, in March 1991, the plaintiffs requested the officer to sign approval of a plumbing permit, identical to the one in question here. When the officer denied approval, the plaintiffs brought a mandamus action to compel the officer to issue the CT Page 5831 requested plumbing permit. That action was denied by the court, Thim, J., for failure to exhaust administrative remedies.[2]
Following Judge Thim's decision, the plaintiffs again wrote the officer regarding approval of the same plumbing permit. When the officer refused to issue the certificate of compliance in June 1991, the plaintiffs filed an immediate appeal, claiming "that the Stratford Zoning Regulations do not empower said officer to deny the issuance of a Certificate of Compliance . . . ." A hearing was held before the board on September 3, 1991.
Evidence was introduced at the hearing that the subject pool house is a three room stud and frame building, completely sided, fully insulated and with thermal windows, baseboard heat, air conditioning and an upgraded electrical system. There was also evidence that the pool house is fully carpeted, has drapes and is furnished with a television, a microwave and a refrigerator. An abutting neighbor stated the pool house was used year round, not simply seasonally. The officer stated that in his opinion, given the existing improvements, "the only thing which differentiates this from a residence is the lack of toilet facilities and running water. In my opinion, and the reason why I did not approve the issuance of a certificate of compliance allowing the installation of a toilet and sink in the pool house is that it would transform a [sic] accessory structure to a principal structure in violation of Sections 1.1, 1.24, 1.34, 3.11, 4.1.8 and 4.2 of the zoning regulations."
In hearing the appeal, the function of the board was to determine the legality and reasonableness of the officer's decision to deny the certificate of compliance. In reviewing an officer's decision to deny or issue a certificate or permit, the board operates in a quasi-judicial capacity. Spesa v. Zoning Board of Appeals, 141 Conn. 653, 656 (1954). The board has much broader discretion when it acts in a quasi-judicial capacity than when it acts administratively. The board has the authority to interpret the town's regulations and decide how they apply in a given case. Lawrence v. Zoning Board of Appeals, 158 Conn. 504, 513 (1969); Stern v. Zoning Board of Appeals, 140 Conn. 241. 245 (1953). The board must "determine the applicability of the law to a given state of facts presented to it." Pascale v. Zoning Board of Appeals,150 Conn. 113, 117 (1962).
In this case, the board had to determine whether the plaintiffs' improved pool house would continue to be an allowable accessory use under the regulations[3] if toilet facilities and related plumbing were installed in it. An "accessory use" is "a use which is customary in the case of a permitted use and incidental to it." Fox v. Zoning Board of Appeals, 146 Conn. 70,74 (1958). "[T]he use must not be the primary use of the property CT Page 5832 but rather one which is subordinate and minor in significance." Lawrence, 158 Conn. at 512. The board has to make its determination in light of the size of the lot, the nature of the primary use and the nature of the neighborhood. Id. at 513. Determining what constitutes an accessory use "may often present and depend upon questions of fact, or involve or be open to a legal exercise of discretion by the administrative officials and the board of appeals." Chudnov v. Board of Appeals, 113 Conn. 49, 55
(1931).
This court has "to decide whether the board correctly interpreted the regulation[s] and applied [them] with reasonable discretion to the facts." Pascale, 150 Conn. at 117. The court cannot substitute its discretion as to the application of the regulations to the plaintiffs' situation for that of the board. "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion and its action is subject to review only to determine whether it was unreasonable, arbitrary or illegal." Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560-61
(1967); see Lawrence, 158 Conn. at 514; Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676 (1989).
Here, the board's decision to deny the plaintiffs' appeal was premised on all the testimony given. In the absence of stated reasons, this court looks at the entire record to find a basis for the board's decision. Zieky v. Town Plan and Zoning Commission,151 Conn. 265, 267-68 (1963); Manchester v. Zoning Board of Appeals, 18 Conn. App, 69, 71 (1989) Based on all the evidence of record, it cannot be said that the board incorrectly interpreted the regulations or acted unreasonably, arbitrarily or illegally in upholding the officer's conclusion that allowing the installation of a toilet and sink in the plaintiffs' improved pool house would convert if from an accessory use to a principal use under the town's zoning regulations.
The plaintiffs have made what counsel described at the hearing of this appeal as a "bifurcated argument." First, the plaintiffs assert that the officer, and likewise the board, lacked any discretion with respect to the issuance of approval for the plumbing permit and were required to "ministerially" issue the permit. The plaintiffs claim that the earlier approval of the pool house as an accessory use and the plaintiffs' statement that they intended to continue to use the structure as a pool house sufficed to require the town to issue the permit, wait to see if the plaintiffs actually used the pool house as a residence and then issue a cease and desist order.
Second, the plaintiffs argue that if the officer and the board exercised discretion, they did so in an unreasonable, arbitrary and illegal manner because the plaintiffs contend that the regulations CT Page 5833 do not specifically define a pool house with a toilet and sink as a principal use and to so conclude is merely predictive and contrary to the regulations.
Both arguments fail. First, the applicable statutes, Conn. Gen. Stat. 8-3 (f) and 8-6, and the regulations, 3.1, 3.20, 4.1.8, and 22.2, clearly vest the officer and the board with discretion to certify that any proposed construction or improvements to existing structures within the Town of Stratford are in compliance and conform with the zoning scheme of the town. These provisions would be superfluous if plaintiffs' contention that the officer and board were required to "ministerially" issue the plumbing permit were correct. "Wherever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant." Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705 (1988).
Second, the determination of what constitutes an accessory use in Stratford required the board to exercise its legal discretion in applying the town's regulations to the specific factual circumstances before it. The determination of the character of a structure is a question of fact. See Fox, 146 Conn. at 75; Langbein v. Board of Zoning Appeals, 135 Conn. 575, 579 (1949). The factual conclusion that the addition of a toilet and sink changed the character of the plaintiffs' already improved pool house to that of residence is supported by the record and will not be disturbed by the court.
Moreover, the board did not act illegally, arbitrarily or unreasonably in adopting the officer's conclusion that the structure if so further improved would no longer constitute an accessory use under 1.1 and 3.11 of the regulations but would convert into a primary use under 1.39 and would thus be impermissible under 1.24, 3.1 and 4.1.8.[4] Having reached this conclusion, and having previously denied a variance for a second primary use on this lot, the board acted consistently in rejecting plaintiffs' appeal. Mynyk v. Board of Zoning Appeals, 151 Conn. 34,37 (1963).
For the foregoing reasons, the appeal is dismissed.
LINDA K. LAGER, JUDGE