[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 28, 1997
The defendant, Herde Construction, Inc., has moved to dismiss this appeal for lack of subject matter jurisdiction.
The defendant's underlying argument is that the plaintiffs have failed to exhaust their administrative remedies which are a prerequisite to the commencement of this administrative appeal to the Superior Court.
The relevant factual background is as follows:
On or about April 25, 1996, Donald G. Murray, who serves the town of Trumbull in the dual capacity as the Building Official and the Zoning Enforcement officer approved the issuance of a building permit for the construction of a nine room residence dwelling on Lot 6, Canoe Brook Road in Trumbull. The permit was granted to Herde Construction, Inc., Sue Coyne and Betty Anderson.
The plaintiffs, owners of properties which abut the subject Lot 6 on Canoe Brook Road, appealed this action of the Building CT Page 624-F official/Zoning Enforcement officer to the Defendant Zoning Board of Appeals of the Town of Trumbull. The board conducted a public hearing on June 5, 1996 and thereafter denied the appeal. The defendant Herde Construction, Inc. was a participant in the public hearing.
Subsequent to the adverse decision by the Zoning Board of Appeals the plaintiffs appealed the decision by instituting this action which is subject to the motion to dismiss.
The defendant asserts that the action of Mr. Murray in granting the building permit was carried out in his capacity as the Town Building official not as the Zoning Enforcement officer. Consequently, any appeal of his action should have been pursued to the Building Code Board of Appeals rather than the Zoning Board of Appeals. The defendant concludes that the plaintiffs, having misconstrued Mr. Murray's function, failed to appeal to the proper administrative forum and thereby failed to exhaust their administrative remedies.
Law and Conclusions
The plaintiffs' application for a hearing to the Zoning Board of Appeals which was dated May 10, 1996 challenged the action of the Building Official/Zoning Enforcement Officer in granting the CT Page 624-G subject building permit. The reasons for the appeal as stated in the application for hearing (Schedule A) were as follows: (1) The parcel of land in question does not conform to the lot size requirements (2) the parcel does not constitute a valid nonconforming building lot and (3) the action of the property owners in dividing their property and assembling the parcel in question in 1988 constituted an illegal subdivision of land in violation of Connecticut General Statutes §§ 8-25 and 8-26.
Connecticut General Statutes § 8-3 (f) provides:
 No building permit or certificate of occupancy shall be issued for a building, use or structure subject to the zoning regulations of a municipality without certification in writing by the official charged with the enforcement of such regulations that such building, use or structure is in conformity with such regulations or is a valid nonconforming use under such regulations.
In Trumbull the building permit apparently serves as the certification which is statutorily required by § 8-3 (f).
The plaintiffs' appeal to the Zoning Board of Appeals raised several issues as to whether or not the proposed building lot is CT Page 624-H a valid building lot due to size and its prior conveyancing history. It does not concern building code issues such as ". . . mode or manner of construction proposed to be followed or the materials to be used in the erection or alteration of a building or structure . . ." Connecticut General Statutes § 29-266 (b) or any other reasons related to the building code.
The Zoning Board of Appeals is the proper board "to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter, or any bylaw, ordinance or regulation adopted under the provisions of this chapter." Connecticut General Statutes § 8-6 (a).
"Where the decision is made by a building inspector on a question of compliance with the zoning regulations, that decision is appealable to the zoning board of appeals, at least where the building inspector is authorized by the municipality to rule on such questions." "Land use Law and Practice" by Robert A. Fuller at page 141 citing Spesa v. Zoning Board of Appeals of the Cityof New London, 141 Conn. 654, 655 (1954).
The plaintiffs' appeal which was entertained by the Zoning Board of Appeals at a public hearing on June 5, 1996, with full participation by the parties to this action clearly involved CT Page 624-I zoning issues not building code issues.
Since the plaintiffs properly appealed the issuance of the building permit to the Zoning Board of Appeals, which was the appropriate forum they have not failed to exhaust their administrative remedy as claimed by the defendant.
The Motion to Dismiss is denied.
RONAN, J.