[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Paul Mulkerrin and Judith Allen and Barry and Aviva Kesselman, bring this appeal from a decision of the defendant, the Planning and Zoning Commission of the Town of New Canaan, denying their resubdivision application. CT Page 8795
The plaintiffs allege that Mulkerrin and Allen "are the owners of a parcel of land containing 3.757 acres known as [L]ot #6 on Map # 2291 New Canaan Land Records." (Appeal, ¶ 1). They allege that the Kesselmans "are the owners of an abutting parcel of land containing 2.567 acres known as Lot #7 on Map # 2291 New Canaan Land Records." (Appeal, ¶ 2). Lots 6 and 7 are part of an 11 lot subdivision map approved by the Commission in 1954.
The plaintiffs allege that when the subdivision lots were approved in 1954, the lots "were required by the zoning regulations to have direct frontage on a public highway, although actual physical access could be obtained over a 20 foot wide right of way." (Appeal, ¶ 5). There is a twenty foot right of way from Lot 6, across Lots 7, 8 and 9, to Hickok Road. (Appeal, ¶ 3). The plaintiffs allege that even though their lots had direct frontage on Hickok Road, they obtained physical access over the twenty foot wide private right of way. (Return of Record [ROR], Exhibit 19, p. 3; Appeal, ¶ 4). The plaintiffs further allege that the zoning regulations were amended in 1955 to require a twenty five foot right of way to serve interior lots and section 60-14.5 of the current regulations "allows two lots in the two acre residential zone to obtain access over a 25 foot wide common accessway. When lots are served by such an accessway, one of the two lots is required by the regulations to have title to land with 25 foot frontage on a public highway, but the other lot can have access by an easement over the same 25 foot accessway." (Appeal, ¶ 6).
On February 23, 1998, the plaintiffs filed a resubdivision application with the Commission. (ROR, Exhibit 2; Appeal, ¶ 8). The plaintiffs applied to divide their total acreage of 6.324 acres into three lots. (ROR, Exhibit 2). The plaintiffs allege that the "subdivision proposed to transfer 0.246 acres from lot #7 [(the Kesselman property)] to lot #6 [(the Mulkerrin/Allen property)] to create a 4.002 acre parcel and to divide that parcel into two lots each containing 2.001 acres, designated as parcels # 140 and # 142 on the proposed subdivision map. The remainder of former lot #7, designated as parcel # 141 contains 2.322 acres." (Appeal, ¶ 9; see also ROR, Exhibits 18 and 19).
The plaintiffs allege that both parcels # 140 and # 141 have direct frontage on Hickok Road, "but the existing house on [parcel # 141] has obtained access since 1954 over the 20 foot wide right of way." (Appeal, ¶ 10; see also ROR, Exhibits 18 and 19). It is alleged that parcel # 142 "does not have direct CT Page 8796 frontage on a public highway, and the house on it also has physical access since 1954 over the 20 foot wide right of way to Hickok Road." (Appeal, ¶ 10; see also ROR, Exhibits 18 and 19).
A public hearing was held by the Commission regarding the plaintiffs' resubdivision application on April 28, 1998 and was continued on May 19, 1998. (ROR, Exhibits 7, 8, and 19; Appeal, ¶ 13). On June 23, 1998, the Commission voted 7 to 2 to deny the application, "as it is against both Commission policy and the regulations to create a parcel neither having road frontage nor served by an accessway meeting the criteria in the regulations." (ROR, Exhibit 9). The plaintiffs allege, and the defendant does not deny, that legal notice of the denial of the plaintiffs' application was published on June 25, 1998. (Appeal, ¶ 15; Answer, ¶ 15).
The plaintiffs now appeal the decision of the Commission denying their resubdivision application. The plaintiffs allege that "[i]n denying the resubdivision application, the defendant Commission acted illegally, arbitrarily and in abuse of its discretion." (Appeal, ¶ 17). Specifically, the plaintiffs allege that the Commission "failed to approve a subdivision application which complied with the subdivision and zoning regulations; misread and misinterpreted its regulations; [and] ignored or overlooked the fact that the preexisting house on former lot #6 and proposed parcel #142 obtained its access over a 20 foot wide accessway which existed before the zoning regulations increased the minimum width for an accessway to interior lots to 25 feet, and that the regulations no longer require all lots to have direct frontage on a public highway, so that the parcel is a legal nonconforming lot." (Appeal, ¶¶ 17(a), (b) and (c)).
The plaintiffs also allege that the Commission acted illegally arbitrarily and in abuse of its discretion in that it "applied zoning regulations enacted after the prior subdivision was approved to the subject property in violation of section8-26a of the General Statutes;[1] assigned improper reasons for denying the subdivision; [and] denied approval of parcel #142 because the accessway was only 20 feet instead of 25 feet wide, which amounts to a confiscation of a valuable residential lot without any public benefit, in violation of the Fifth Amendment of the United States Constitution and Article First, section 11
of the Connecticut Constitution." (Appeal, ¶¶ 17(d), (e) and (f)). CT Page 8797
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board to the Superior Court. In order to take advantage of a statutory right of appeal, the parties must comply strictly with the statutory provisions that create such a right. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 283, 487 A.2d 559 (1985).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The plaintiffs allege that they are the owners of the parcels of land involved in the resubdivision application. (Appeal, ¶¶ 1 and 2). At a hearing held by this court on March 10, 1999, the plaintiffs were found to be aggrieved persons pursuant to General Statutes § 8-8 (a) (1), in that they are the owners of the subject properties involved in the resubdivision application. At the hearing, the plaintiffs offered into evidence the deeds for their land. (Plaintiffs' Exhibits 3 and 4). Therefore, this court finds that the plaintiffs are aggrieved and, as such, have standing to maintain this appeal.
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or the clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
Notice of the application's denial was published on June 25, 1998.[2] (Appeal, ¶ 15; Answer, ¶ 15). Service of process was made on the assistant town clerk and the chairman of the New Canaan Planning and Zoning Commission on July 9, 1998. This court finds that this appeal was commenced in a timely fashion by service of process upon the proper parties.
The limited scope of review in subdivision appeals is well established. "A planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity. . . . The planning CT Page 8798 commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (Citations omitted; internal quotation marks omitted.) Reed v. Planning Zoning Commission, 208 Conn. 431, 433, 544 A.2d 1213 (1988). The commission is entrusted with the function of interpreting and applying its zoning regulations. Toffolon v. Zoning Board ofAppeals, 155 Conn. 558, 560, 236 A.2d 96 (1967); Krawski v.Planning Zoning Commission, 21 Conn. App. 667, 670-71,575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990).
"The trial court [has] to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts." Pascale v. Board of Zoning Appeals,150 Conn. 113, 117, 186 A.2d 377 (1962). The plaintiffs have the burden of showing that the commission acted improperly. Adolphsonv. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988). "The trial court can sustain the [plaintiffs] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal. . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised." (Brackets in original; citations omitted; internal quotation marks omitted.) GormanConstruction Co. v. Planning Zoning Commission,35 Conn. App. 191, 194-95, 644 A.2d 964 (1994).
Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them.DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541,271 A.2d 105 (1970). "It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." Id. The commission's action should be sustained if even one of the stated reasons is sufficient to support it. Property Group Inc. v. Planning Zoning Commission,226 Conn. 684, 697, 628 A.2d 1277 (1993)
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency CT Page 8799 supports the decision reached." (Internal quotation marks omitted.) Property Group, Inc. v. Planning Zoning Commission, supra, 226 Conn. 697.
Here, the Commission voted "to deny the application, as it is against both Commission policy and the regulations to create a parcel neither having road frontage nor served by an accessway meeting the criteria in the regulations." (Supplemental Return of Record [SROR], Exhibit 9). Therefore, the issue before this court is whether the record before the agency supports the Commission's decision to deny the plaintiffs' application.
After reviewing the record before the agency, this court determines that the Commission did not act illegally, arbitrarily or in abuse of its discretion when it denied the plaintiffs' application. The evidence in the record supports the Commission's decision to deny the plaintiffs' application.
In a letter dated March 18, 1998, the town planner informed the Commission that approval of the plaintiffs' application was not recommended. He emphasized that "[t]his is a rather imaginative proposal to create a non-conforming lot out of the excess land of two conforming lots. When the [Hickok] Road Subdivision was approved in 1954, all lots had legal frontage on the road as was then required. Accessway lots were not permitted. . . . Apparently, due to topography, the developer decided to construct the houses on the lots in question at the bottom of the slope, and provided a 20 foot right of way across three lots to service four houses. This only worked because each lot had legal road frontage. It is now proposed to divide two lots into three, two still having road frontage and the proposed new lot with an existing house to be served by the 20 foot [right of way], but no longer having any legal road frontage. This proposal could not have met the 1954 Regulations nor any subsequent Regulations. Due to the precedent that could be set, it cannot be recommended." (Emphasis in original.) (ROR, Exhibits 5 and 6). The town planner reiterated the substance of this letter to the Commission at the public hearing. (ROR, Exhibit 19, p. 18).
Prior to 1955, subdivision lots were required to have direct frontage on a public highway. (ROR, Exhibit 19, pp. 5, 9, and 18; Appeal, ¶ 5). The plaintiffs allege that even though the lots in question had direct frontage on Hickok Road in 1954, they obtained physical access over a 20 foot wide private road. (ROR, CT Page 8800 Exhibit 19, p. 5; Appeal, ¶ 4). The zoning regulations were amended in 1955, and required twenty five (25) foot accessway. (ROR, Exhibit 19, p. 5). At the public hearing before the Commission, the attorney for the applicants conceded that if the plaintiffs had a twenty five (25) foot accessway instead of a twenty (20) foot accessway, there would be no problem with the resubdivision of the property. (ROR, Exhibit 19, pp. 21-22).
Section 60-14.5 of the current New Canaan Zoning Regulations ("Regulations") provides that a residential unit must have the required amount of frontage on a public highway or an approved accessway. (ROR, Exhibit 20: Regulations § 60-14.5, p. 6110; ROR, Exhibit 19, pp. 19-20). Section 60-14.5 A provides that in two acre zones "where a parcel of land is of sufficient area to afford a division thereof into not more than two (2) zone units, one (1) of which zone units does not have the required width on a public highway for the zone involved, zoning permits for both of said two (2) zone units may be issued, provided that the zone unit not having the required width on a public highway has access thereto by means of an accessway serving such zone unit and suchaccessway is not less than twenty-five (25) feet in horizontalwidth." (Emphasis added.) (ROR, Exhibit 20: Regulations § 60-14.5 A, p. 6110).
The plaintiffs' resubdivision application seeks to first combine the Mulkerrin/Allen lot with the Kesselman lot, and then divide the total 6.324 acres into three lots. (ROR, Exhibit 2). The plaintiffs allege that the "subdivision proposed to transfer 0.246 acres from lot #7 [(the Kesselman property)] to lot #6 [(the Mulkerrin property)] to create a 4.002 acre parcel and to divide that parcel into two lots each containing 2.001 acres, designated as parcels # 140 and # 142 on the proposed subdivision map. The remainder of former lot #7, designated as parcel # 141 contains 2.322 acres." (ROR, Exhibits 18 and 19, pp. 2-6; Appeal, ¶ 9).
The plaintiffs allege that both parcels # 140 and # 141 have direct frontage on Hickok Road, but it is further alleged that parcel # 142 "does not have direct frontage on a public highway, and the house on it also has physical access since 1954 over the 20 foot wide right of way to Hickok Road." (ROR, Exhibits 18 and 19; Appeal, ¶ 10).
Pursuant to regulation § 60-14.5 A, because lot # 142 does not have direct frontage, it must have access to a public highway CT Page 8801 "by means of an accessway not less than twenty-five (25) feet in horizontal width." (ROR, Exhibit 20: Regulations § 60-14.5 A, p. 6110). However, the accessway to this interior lot is only a twenty foot (20) wide right of way to Hickok Road and does not conform to the current regulations. As such, the Commission did not act illegally, arbitrarily or in abuse of its discretion when it denied the plaintiffs' resubdivision application. Specifically, the court finds that the Commission did not misconstrue or misinterpret its own regulations. On the contrary, the Commission determined that the proposed resubdivision did not comply with the express language of § 60-14.5.
The Commission is entrusted with the function of interpreting its own regulations. Toffolon v. Zoning Board of Appeals, supra,155 Conn. 560; Krawski v. Planning Zoning Commission, supra,21 Conn. App. 670-71. This court finds that the Commission "correctly interpreted the regulation and applied it with reasonable discretion to the facts." Pascale v. Board of ZoningAppeals, supra, 150 Conn. 117. As such, the appeal cannot be sustained on this ground.
The plaintiffs next argue that the twenty (20) foot wide right of way was a "non-conforming use" which would overcome the need to conform to the twenty-five (25) foot requirement in § 60-14.5 A. This argument, however, is unpersuasive. This twenty (20) foot wide right of way was not a nonconforming use. According to the record, when the original subdivision was approved, the plaintiffs had the required direct frontage on a public road. (ROR, Exhibits 5 and 6; Appeal, ¶ 4). The twenty (20) foot wide right of way was merely additional access to the public road. (Appeal, ¶ 4; ROR, Exhibits 5 and 6). The record indicates that the lots had the requisite legal frontage on a public road. (ROR, Exhibits 5, 6 and 16). As such, the Commission did not need to look to any of the exceptions from the direct frontage requirement. Therefore, the twenty (20) foot wide accessway was not a nonconforming use, as the plaintiffs contend, and the appeal cannot be sustained on this ground.
The plaintiffs also contend that there is another exception to the direct frontage requirement found in the regulations at § 60-14.5 D. That section provides that in a two acre zone, "one (1) zoning permit may be issued for any tract of land in one (1) ownership as of the effective date of this section, if such tract of land has access to a public highway by means of a private accessway having a width of at least one (1) rod." (ROR, Exhibit CT Page 8802 20: Regulations § 60-14.5 D, p. 6111). One rod equals sixteen and a half (16 1/2) feet. It is uncontested that the accessway, in this case, that is twenty (20) feet wide, is clearly greater than sixteen and a half (16 1/2) feet.
The plaintiffs argue that the exception in § 60-14.5 D was overlooked by the Commission. This court, however, finds that the Commission did not overlook this section because this section does not apply. There is no need to look to any of the exceptions if the lots have direct frontage to a public highway. The record reflects that in 1954, when the original subdivision was created, both the Mulkerrin/Allen and Kesselman lots had direct frontage on Hickok Road. (ROR, Exhibit 4).
Even assuming arguendo that the exceptions to § 60-14.5 were to be contemplated, this court finds that § 60-14.5 D does not
apply to this case since the "tract of land" was not "in one (1) ownership as of the effective date of this section." The current regulations were amended on November 1, 1997. (ROR, Exhibit 20: Regulations). At that time, the tract of land which the plaintiffs propose to divide into three lots was not in common ownership. In order for the land to even be divisible into three lots, the plaintiffs need to "transfer 0.246 acres from lot #7 [(the Kesselman property)] to lot #6 [(the Mulkerrin/Allen property)] to create a 4.002 acre parcel and to divide that parcel into two lots each containing 2.001 acres." (ROR, Exhibits 18 and 19; Appeal, ¶ 9). Therefore, since the "tract of land" is not "in one (1) ownership," § 60-14.5 D does not apply and the appeal cannot be sustained on this ground.
The plaintiffs allege that denial of their application "amounts to a confiscation of a valuable residential lot without any public benefit . . . [and violates] the Fifth Amendment of the United States Constitution and Article First, section 11 of the Connecticut Constitution." (Appeal, ¶ 17(f)). The court is unpersuaded by this argument, however, and finds that there was no confiscation.
"Two tests have been used in Connecticut cases to determine whether land use regulations go so far as to amount to an unconstitutional restriction on the use of property, namely the practical confiscation test and the balancing test." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 54.4, p. 869. "A practical confiscation occurs when a landowner is prevented from making any beneficial use of its land as if the CT Page 8803 government had, in fact, confiscated it. A practical confiscation does not occur when the landowner cannot take advantage of a myriad of uses acceptable under the applicable regulations because of choices the landowner itself has made that limit its land use options." Bauer v. Waste Management of Connecticut,234 Conn. 221, 256, 662 A.2d 1179 (1995). In this case, a practical confiscation did not occur since the landowners can still make valuable use of their land.
Because the court finds that the denial of the plaintiffs' application does not amount to practical confiscation, the court applies the balancing test. "Short of regulation which finally restricts the use of property for any reasonable purpose resulting in a `practical confiscation,' the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner. . . . The financial effect on a particular owner must be balanced against the health, safety and welfare of the community." (Citations omitted; internal quotation marks omitted.) Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 151, 365 A.2d 387 (1976).
In this case, an unconstitutional taking has not occurred. The plaintiffs claim that by denying their application to divide the Mulkerrin/Allen property, the zoning board is confiscating the property. At the hearing before the court, the plaintiffs argued that they were being deprived of the proceeds of any potential sale of the proposed third parcel of land. However, "[m]ere reduction in value will not suffice for a claim of confiscation." Primerica v. Planning Zoning Commission,211 Conn. 85, 98, 558 A.2d 646 (1989). At the hearing before the court, the plaintiffs conceded that when they bought the property, they intended to use the property for their residences. That is what they have done, and that is what they are currently doing. The plaintiffs have enjoyed the use of their property and are not effectively being deprived of their intended purpose. (See also ROR, Exhibit 19, p. 32). Therefore, this court finds that the Commission's decision was not confiscatory, and the appeal cannot be sustained on this ground.
This court finds that the conclusions reached by the Commission, when it denied the plaintiffs' application, are reasonably supported by the record. For the reasons stated above, CT Page 8804 the Commission did not act illegally, arbitrarily or in abuse of its discretion. Furthermore, the appeal could not be sustained on any of the grounds set forth by the plaintiffs. As such, the plaintiffs' appeal is hereby dismissed.
KARAZIN, J.