[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF LAW RE: DEFENDANTS' CITY OF BRISTOL AND BOARD OF EDUCATION MOTIONS TO STRIKE
The facts of this matter are not in dispute. On April 24, 2000, Alexandra Medina was injured when James Ruth crashed his car into the school bus in which she was riding. The sole cause of the accident was the negligence of Mr. Ruth. The full policy limit was recovered from Mr. Ruth's carrier, which was the minimum permitted under law.
On April 25, 2002, the plaintiffs, Alexandra Medina and her mother, Sonia Velez, as next friend, filed a five count complaint against the defendants, National Union Fire Insurance Company, AIG Insurance Company, First Student, Inc., the City of Bristol (City), and the City of Bristol Board of Education (Board), seeking to recover additional damages. Counts three, four and five of the complaint allege that the City and Board breached their fiduciary duty to the plaintiff child by "[failing] to obtain adequate insurance to protect Alexandra from injury by careless and irresponsible motorists who do not carry sufficient liability insurance" and by "[failing] to require that the Defendant First Student obtain adequate UIM coverage for its school buses as a condition of the contract." (Complaint, pp. 3-5.) On August 22, 2002, the City and Board filed a motion to strike said counts on the ground that none state a claim for which relief may be granted. Specifically, the City and Board allege that no fiduciary relationship exists between the plaintiffs and the City or the Board. Moreover, the plaintiffs allege that even if such a relationship were to exist, neither the Board nor the City owed a duty to the plaintiffs to purchase, nor to require First Student, Inc. to purchase, underinsured motorist coverage in excess of the statutorily mandated minimum. (Motion to Strike, pp. 1-2.)
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim CT Page 14735 upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. The motion "admits all facts well-pleaded; it does not admit legalconclusions or the truth or accuracy of opinions stated in thepleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368, 379
(1985). (Citations omitted; emphasis in original.) A motion to strike is properly granted where the allegations of the pleading, if proven, would not establish a claim upon which relief can be granted. Id., 109.
Counts three, four and five allege a breach of fiduciary duty as to the defendant City and Board. Specifically, the plaintiffs allege that the City and Board "owed [the minor plaintiff] a fiduciary duty to protect her from dangers while in their protective custody." (Complaint, p. 5, ¶ 15(a)). The plaintiffs allege that this "fiduciary duty" was breached in that the City and Board failed to require the defendant bus company to obtain adequate UIM coverage for its school buses, and that they failed to obtain their own insurance coverage to protect the minor plaintiff from injury caused by careless and irresponsible motorists who do not carry sufficient insurance. Id. The plaintiffs further allege that the defendant City and Board breached their duty to protect the minor plaintiff from "reasonably foreseeable dangers" and that the plaintiffs should be permitted to recover "all damages to which Alexandra would be entitled if there had been adequate UIM coverage." (Complaint, p. 5, ¶ 16.)
In order for the plaintiffs to prevail they must first establish that the City and the Board owed them a duty. General Statutes § 10-236, however, imposes no duty on the Board with regard to limits of insurance coverage. Instead, § 10-236 provides: "Liability insurance. Each such board of education, board of trustees, state agency or managing board may insure against the liability imposed upon it by sections 10-220 and 10-235
in any insurance company organized in this state or in any insurance company of another state authorized by law to write such insurance in this state, or may elect to act as self-insurer of such liability."
The statutory language pertaining to the City is virtually identical. See General Statutes § 7-465.[1] Thus, not only is there no particular type or limit of insurance required, school boards and CT Page 14736 municipalities may decline to purchase any insurance and act as self-insurers. See also Waterbury Teachers Assn. v. Furlong, 162 Conn. 390,403, 294 A.2d 546 (1972) ("Boards of Education have the power, in their discretion, to spend funds appropriated for school purposes.")
The plaintiffs' complaint also fails as a matter of law to state a claim for breach of fiduciary duty. "Our law on the obligations of a fiduciary is well settled. [A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Internal quotation marks omitted.) Murphy v. Wakelee, 247 Conn. 396, 400,721 A.2d 1181 (1998). "Although this court has refrained from defining a fiduciary relationship in precise detail and in such a manner as to exclude new situations . . . [i]n the seminal cases in which this court has recognized the existence of a fiduciary relationship, the fiduciary was either in a dominant position, thereby creating a relationship of dependency, or was under a specific duty to act for the benefit of another." (Citations omitted; internal quotation marks omitted.) Hi-HoTower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 38, 761 A.2d 1268
(2000).
The plaintiffs seek to avoid the City and Board's motions to strike by asserting that the existence of a fiduciary relationship is a question of fact. Although it is true that the existence of a fiduciary relationship is generally a factual question for the trial court, "[i]n particular instances, certain relationships, as a matter of law, do not impose upon either party the duty of a fiduciary." Macomber v. Travelers Property Casualty Corp., 261 Conn. 620, 640, 803 A.2d 311 (2002) While the issue in Macomber v. Travelers Property Casualty involved a contractual relationship, the same reasoning must apply where, as here, the duty owed is defined by statute.[2] See General Statutes §§ 10-236
and 7-465. The interpretation of statutes implicate questions of law, not fact. See Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116,186 A.2d 377 (1962).
It should be noted, moreover, that our Supreme and Appellate Courts have explored the duties imposed upon a board of education on several occasions and have held, in each instance, that a board of education is liable only for reasonably foreseeable injuries that result from dangerous conditions that are limited in geographic space and time. See, e.g., Purzycki v. Fairfield, 244 Conn. 101, 708 A.2d 937 (1998) (unsupervised hallway where second grader was tripped was a dangerous condition.); Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1
(1994) (slip and fall on ice in "treacherous" part of campus reasonably CT Page 14737 foreseeable.); Colon v. City of New Haven, 60 Conn. App. 178, 758 A.2d 900
(2000) (injury to student from door negligently opened by teacher reasonably foreseeable.). In the present action, there was no dangerous condition that the defendants could have reasonably foreseen. It is admitted that the defendants were without fault in causing harm to Alexandra. Nor did they have a duty to provide, or to force any other entity to provide, the coverage they seek.[3]
Despite the plaintiffs' creativity in seeking a "deep pocket" to redress their loss, only the legislature can provide the remedy they seek. In view of the above, it is unnecessary for the court to consider the City and the Board's immunity defense.
Accordingly, the motions to strike counts three, four and five are granted.
 _____________________________ Christina G. Dunnell, Judge