DEPARTMENT OF CHILDREN AND FAMILIES *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(AC 16997)

Foti, Hennessy and Sullivan, Js.

Argued January 28—officially released April 21, 1998

*Jason W. Cohen,* with whom, on the brief, was *J. William Gagne, Jr.,* for the appellant (defendant Local 2663, Council 4, AFSCME).

*Victor Perpetua,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Ralph G. Elliot,* for the appellee (defendant Hartford Courant).

*Opinion*

HENNESSY, J. The defendant union, Local 2663, Council 4, AFSCME (union), appeals from the judgment

denying its cross claim against the defendant freedom of information commission (commission) and directing the disclosure of the names of five employees of the department of children and families (department) disciplined in connection with the death of an infant who was the subject of an investigation by the department.[1] The union claims that the trial court improperly (1) upheld the decision of the commission ordering the release of the names of the five department employees where the commissioner had failed to factor the risk to the employees' safety into its analysis under General Statutes § 1-19 (b) (2), (2) decided the safety issue under § 1-19 (b) (2) when the commission had made no such ruling, and (3) concluded, despite evidence concerning potential threats to the employees' safety, that the names of the employees should be released.

The following facts are contained in the record and were before both the commission and the trial court. Valerie Finholm, a reporter for the Hartford Courant, filed a complaint with the commission alleging that the department refused to release the names and records of the five employees whom the department had disciplined as a result of the much publicized death of an infant, Emily H., under the supervision of the department. The union participated in the proceedings before the commission, which, after conducting a hearing, ordered the department to provide Finholm with the requested names and disciplinary records after expunging from the records any information connected with

---

[1] This case originated when Valerie Finholm, a reporter with the Hartford Courant, and the Hartford Courant requested that the commission order the department to release the names of the five employees it had disciplined. The commission ordered the names released. The department appealed to the trial court, and the union, which represented four of the five employees and was named as a defendant by the department, filed a cross claim against the commission, concurring with the department position. The trial court upheld the decision of the commission, and the union appealed to this court.

the department's child protection activities, in accordance with General Statutes § 17a-28 (c).[2] The department appealed to the Superior Court, and the union, which was named as a defendant in the department's appeal, filed a cross claim against the commission. The Superior Court affirmed the commission's decision, dismissed the appeal and denied the cross claim. The union appeals from that decision.

The union claims that the trial court improperly affirmed the commission's decision that § 1-19 (b) (2)[3] does not bar the release of the names and evaluations of the department employees involved in this case. As part of its claim, the union argues that on de novo review this court must find that the proper interpretation of General Statutes § 4-183[4] requires a reversal of the Superior Court decision. We agree that because statutory

[2] General Statutes § 17a-28 (c) provides: "When information concerning an incident of abuse or neglect has been made public or when the commissioner reasonably believes publication of such information is likely, the commissioner or his designee may disclose, with respect to an investigation of such abuse or neglect: (1) Whether the department has received a report in accordance with section 17a-101b or section 17a-103, and (2) in general terms, any action taken by the department, provided names or other individually identifiable information of the minor victim or other family member shall not be disclosed, notwithstanding such individually identifiable information is otherwise available."

[3] General Statutes § 1-19 provides in relevant part: "(a) Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15. Any agency rule or regulation, or part thereof, that conflicts with the provisions of this subsection or diminishes or curtails in any way the rights granted by this subsection shall be void. . . .

"(b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

[4] General Statutes § 4-183 (j) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court

interpretation is a question of law our review on appeal is de novo. See *Squeglia* v. *Squeglia*, 234 Conn. 259, 263, 661 A.2d 1007 (1995). We do not agree, however, that a reversal of the decision of the Superior Court is warranted in this case.

The union specifically claims that the commission failed to factor into its analysis the safety risks to the department employees should the information be released, as required by § 1-19 (b) (2). The union contends that this omission constitutes an error of law and an abuse of discretion under § 4-183 (j) (4) and (6). The union relies on *Board of Pardons* v. *Freedom of Information Commission*, 19 Conn. App. 539, 541–42, 563 A.2d 314, cert. denied, 212 Conn. 819, 565 A.2d 539 (1989), to support the proposition that all employment records should be granted a blanket protection because the release of such information creates a significant risk to the lives of these employees. We find this reliance to be misplaced because, aside from other numerous distinguishing factors, the "United States Supreme Court has recognized that the very tense and potentially explosive nature of correctional institutions poses a constant threat to both inmates and correctional personnel alike. See *Jones* v. *North Carolina Prisoners' Union*, 433 U.S. 119, 132, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977)." *Board of Pardons* v. *Freedom of Information Commission*, supra, 542–43. That case addresses sensitive matters

finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

involving prisoners and has little in common with the issues involved in this appeal. Accordingly, we find the union's reliance on that case unpersuasive.

It is the policy of this state, as evidenced by § 1-19, that all records kept on file by any public agency are public and that every person has the right to inspect them until and unless the records are deemed exempt under § 1-19 (b) (2). The exemption applies if the records are personnel documents, the disclosure of which would constitute an invasion of personal privacy. Here, the records are clearly personnel documents and, therefore, our analysis will be confined to determining whether the disclosure of the names would constitute an invasion of personal privacy.

The invasion of personal privacy exception precludes disclosure only when the information sought does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person. " 'When [the] intimate details of [one's] life are spread before the public gaze in a manner highly offensive to the ordinary reasonable [person], there is an actionable invasion of [the individual's] privacy, unless the matter is one of legitimate public interest.' " *Perkins* v. *Freedom of Information Commission*, 228 Conn. 158, 173, 635 A.2d 783 (1993), quoting 3 Restatement (Second), Torts § 652D, comment (b), p. 386 (1977). Once it has been established that the information is of legitimate public concern, however, the degree to which intimate details will be revealed will not prevent disclosure.

The commission hearing officer found that the disciplinary action taken against the employees for their failure to protect a child who had recently been referred to the department is a legitimate matter of public concern.[5] Relying on the two-prong definition of invasion

---

[5] The safety of the public is considered to be of public concern. *Girgenti* v. *Cali-Con, Inc.*, 15 Conn. App. 130, 136–37, 544 A.2d 655 (1988).

of personal privacy as set forth in *Perkins*, the hearing officer found that it was not necessary to consider whether the disclosure of the requested records would be highly offensive to a reasonable person because the records involve a matter of public concern.

On appeal, the trial court found that disclosure is required because the union failed to establish (1) that the disclosure of the names of the disciplined employees would be a highly offensive invasion of their personal privacy and (2) that the disclosure of the names of the employees would not pertain to a matter of legitimate public concern. The trial court examined the evidence that was presented to the commissioner concerning both grounds. On appeal to this court, the union claims that the portion of the trial court's opinion that delved into the safety issue was improper because the commissioner did not make those findings first. We need not reach that issue because, contrary to the trial court's conclusion, *Perkins* does not stand for the proposition that the two prongs of this test are interchangeable. Rather, as the commission hearing officer applied the exception set forth in § 1-19 (b) (2) and analyzed in *Perkins*,[6] once it is established that the matter is of public concern, the invasion of privacy claim must fail.

The Superior Court therefore correctly determined that the release of the names of the employees would not constitute an invasion of privacy.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The standard and burden of proof articulated in *Perkins* is derived from a comparison of § 1-19 (b) (2) with § 652D of the Restatement (Second) of Torts, which defines a tort action for the invasion of personal privacy as being triggered by public disclosure of any matter that "(a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." (Internal quotation marks omitted.) *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 172. The Restatement also recognizes that there is no invasion of a right to privacy when the subject matter of the publicity is of legitimate public concern. 3 Restatement (Second), Torts § 652D, comment (d), p. 388 (1977). *Perkins* v. *Freedom of Information Commission*, supra, 173.