[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Tracy Marlow, unsuccessfully sought to obtain un-redacted records from the Department of Children and Families ("DCF") related to any investigation conducted by DCF of the plaintiff and his family. The plaintiff filed a complaint with the Freedom of Information Commission ("Commission") alleging that DCF had violated the Freedom of Information Act ("FOIA"), General Statutes § 1-200 et seq., by failing to provide the requested records. Efforts between the plaintiff and DCF to resolve the dispute were unsuccessful and the matter went to a hearing before the Commission on June 5, 1998. Subsequent to the hearing, DCF submitted to the Commission for in camera inspection the un-redacted requested records. Briefs were then filed by the parties on July 20 and September 17, 1998.
The Commission, in a decision issued on November 18, 1998, dismissed the plaintiffs complaint finding that it lacked CT Page 13563 jurisdiction to determine rights of access under General Statutes § 17a-28 which controls access to DCF child protection activities' records.
On January 4, 1999, the plaintiff filed this administrative appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq., 4-183, challenging the Commission's dismissal of his complaint.
At the outset, the court notes the "appropriate standard of review. Generally, [the court's] review of an agency's decision on questions of law is limited by the traditional deference that we have accorded to that agency's interpretation of the acts it is charged with enforcing. . . . We do not, however, accord special deference to the agency's decision when that decision involves a question of law [that] has not previously been subject to judicial scrutiny. . . . Moreover, [the court] must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative [agency], it retains ultimate obligation to determine whether the administrative actions was unreasonable, arbitrary, illegal or an abuse of discretion. . . ." (Citations omitted; internal quotation marks omitted.) Church Homes, Inc. v.Administrator, 250 Conn. 297, 303 (1999).
The facts are not in dispute. What is presented is a question of law concerning the construction and reconciliation of General Statutes § 1-200 et seq. of FOIA and General Statutes §17a-28 relating to DCF confidential child protection activities' records.
"The interpretation of legislation presents a question of law." Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116,186 A.2d 377 (1962). According to the rules of statutory construction, "specific terms covering the given subjection matter will prevail over general language of the same or another statute which might otherwise prove controlling. . . . Where there are two provisions in a statute, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one case or subject within the scope of a general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision. . . . It is CT Page 13564 fundamental that when two statutes relate to the same subject matter every effort should be made to find a reasonable field for the operation of both statutes . . . [and] where there is a reasonable field of operation for each statute [that] does not impinge on the domain of the other, it is the court's duty to give them concurrent effect. . . . In other words, only if a specific statutory provision is inconsistent with a general provision will the specific provision be given exclusivity." (Citations omitted; internal quotation marks omitted.) CHRO v.Truelove and Maclean, Inc., 238 Conn. 337, 358 (1996).
Essentially, the plaintiff makes the argument that the Commission in this case erred by failing to take jurisdiction of his claim under FOIA. The plaintiff has consistently sought the Commission's assistance in obtaining from DCF the requested child protection records. The plaintiff does not dispute the application of § 17a-28 to the records at issue, but views FOIA as an alternate route to access such records.
Section 17a-28 (b) specifically exempts from disclosure under FOIA records maintained by DCF. That statutes provides in pertinent part: "Notwithstanding the provisions of section 1-210,1-211 or 1-213, records maintained by the department shall be confidential and shall not be disclosed." General Statutes §17a-28 (b).[1] Subsection (a)(5) of General Statutes 17a-28
defines records as "information created or obtained in connection with the department's child protection activities or activities related to a child while in the care or custody of the department. . . ." The exemption contained in § 17a-28 (b) is not inconsistent with the expressed provision § 1-210 (a) of FOIA which provides that all records of public agencies are public records "[e]xcept as otherwise provided by . . . state statute." The parties do not dispute and the court finds that the requested records are records within the definition of §17a-28 (a)(5).[2]
The difficulty in reconciling § 17a-28 and FOIA is the reference to FOIA rights in § 17a-28 (m)[3], which creates rights for individuals to records pertaining to or containing information or materials concerning the person seeking access. Subsection (in) establishes a specific process of review for individuals who have been denied access to such record. Section17a-28 (n)(1) specifically creates a right to judicial review of a § 17a-28 (m) decision.[4]
CT Page 13565
The legislative policy undergirding the FOIA is "the open conduct of government and free public access to government records." Wilson v. Freedom of Information Commission,181 Conn. 324, 328 (1980); Maher v. Freedom of Information Commission,192 Conn. 310, 315 (1984); Chairman v. Freedom of InformationCommission, 217 Conn. 193, 196 (1991). Thus, the rights created under FOIA are those of any individual as a member of the public. The Commission understands its charge as the enforcement of the public right to government records. The general rule being disclosure of all records with exceptions of this rule being narrowly construed. Perkins v. Freedom of Information Commission,228 Conn. 158, 167 (1993); Superintendent of Police v. Freedom ofInformation Commission, 222 Conn. 621, 626 (1992); Rose v.Freedom of Information Commission, 221 Conn. 217, 232 (1992); NewHaven v. Freedom of Information Commission, 205 Conn. 767, 775 (1988).
The Commission notes that what is involved under General Statutes § 17a-28 (m) is not any public right to access. The main purpose of § 17a-28 is to exempt DCF records relating to child protection activities from public access. Section 17a-28
(m) establishes an individual's right to access records which are otherwise exempt from public disclosure. The rights and analysis under a § 17a-28 (m) claim of access are at odds with the public access and FOIA policy.
It is clear that not all DCF records are exempt from FOIA under § 17-28. See Department of Children and Families v.Freedom of Information Commission, 48 Conn. App. 467 (1998). Clearly, DCF records which do not pertain to child protection activities are subject to disclosure under FOIA. It is in this substantive context in which § 17a-28 (m) should be construed. The FOIA public access is relevant to certain DCF records (those not related to child protection activities), in addition to the rights of individuals to access otherwise exempt DCF records (those relating to child protection activities), if the records relate to the person requesting access. This construction will be in accord with the statutory construction principal that the more specific terms covering a subject will prevail over more general language which might otherwise control.Concerned Citizens of Sterling, Inc. v. Connecticut SitingCouncil, 215 Conn. 474, 482-83 (1980).
The decision of the Commission declining jurisdiction is affirmed and the appeal is dismissed. CT Page 13566
Robert F. McWeeny, J.