[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, the city of Hartford ("City") and the City Treasurer for the city of Hartford, appeal from a final decision of the defendant, the Freedom of Information Commission ("FOIC"), ordering the plaintiffs to disclose to the defendant, Thedress Campbell, the names of city employees who had filed applications for hardship withdrawals from the City's deferred compensation plan and the dispositions of those requests.[1] This appeal is brought pursuant to General Statutes §§ CT Page 128571-206 (d) of the Freedom of Information Act ("FOIA") and 4-183 of the Uniform Administrative Procedure Act ("UAPA"). For the reasons, set forth below the court finds the issues in favor of the defendants.
By letter dated July 15, 1998, Campbell requested from the plaintiffs copies of applications for withdrawal of the City's deferred compensation plan based on "unforeseeable emergency" or any other financial hardship from December 1983 to July 1998. Applications for withdrawal to the plan may be made for a variety of reasons constituting unforeseen and catastrophic emergency, including medical needs, personal financial issues, or natural disasters.
When Campbell was not provided with the requested documents, he filed a complaint with the FOIC on July 22, 1998, alleging the plaintiffs violated FOIA by failing to supply him with the requested applications. By letter dated July 23, 1998, the plaintiffs acknowledged receipt of Campbell's request and informed Campbell that they were consulting corporation counsel with respect to the request. By letter dated August 20, 1998, the plaintiffs objected to the release of the applications on the ground that the disclosure would amount to an invasion of the applicants' personal privacy.
Hearings on this matter were held before the FOIC on November 13, 1998 and February 3, 1999[2]. At February 3, 1999 hearing, Campbell amended his request to seek only the names of the applicants and the dispositions on the application. The FOIC concluded that the release of the applicants' names, without the full application file, and the accompanying dispositions stating approval or denial of the request would not be highly offensive to a reasonable person. The FOIC further found that the names and dispositions pertain to legitimate matters of public concern. Accordingly, the FOIC concluded based on these facts that the exemption for invasion of privacy was not met by the plaintiffs and ordered disclosure. This appeal followed.[3]
At the outset, the court notes the "standard of review for all of the plaintiffs claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential . . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes . . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts . . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion . . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v.CT Page 12858Dept. of Social Services, 49 Conn. App. 432, 436 (1998). Where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion . . . . (Citations omitted.) United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-86 (1998).
The dispositive issue in this administrative appeal is whether the employees' names and the dispositions concerning the applications for hardship withdrawals from a deferred compensation plan were exempt from disclosure as part of a personnel file, the disclosure of which would constitute an invasion of personal privacy within the meaning of General Statutes § 1-210 (b)(2) [formerly § 1-19 (b)(2)]. That subsection provides:
 Nothing in the Freedom of Information Act shall be construed to require disclosure of: . . . (2) Personnel or medical files and similar files the disclosure of which would constitute an invasion of personnel privacy.
In applying FOIA, the court is mindful that: "The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to governmental records." Wilson v. Freedom of Information Commission, 181 Conn. 324, 328
(1980). "[T]he general rule under the Freedom of Information Act is disclosure with exceptions to this rule being narrowly construed. The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption." New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 775 (1988); Superintendent v.Freedom of Information Commission, 222 Conn. 621, 626 (1992); Rose v.Freedom of Information Commission, 221 Conn. 217, 232 (1992); Perkins v.Freedom of Information Commission, 228 Conn. 158, 167 (1993).
In Perkins v. Freedom of Information Commission, the Supreme Court not only reiterated the general policy considerations surrounding FOIA but specifically set forth "a comprehensive definition" of what the personal privacy exemption to FOIA means:
 Although this court has had previous occasions to apply the statutory exemption for "invasion of personal privacy" in the circumstances of a particular CT Page 12859 case; see, e.g., Chairman v. Freedom of Information Commission, supra, [217 Conn.] 198; we have not undertaken to articulate a comprehensive definition of what this phrase means. We have, in effect, imposed a burden of proof on a claimant for an exemption without providing guidelines as to what such a claimant must show in order to obtain relief from the general rule that public records are subject to public disclosure. The time has come to fill this void.
 Perkins v. Freedom of Information Commission, supra, 228 Conn. 169.
The court went on to adopt the tort standard for invasion of personal privacy. Specifically, the court held: "Informed by the tort standard, the invasion of personal privacy exception of § 1-19(b)(2) [now § 1-210
(b)(2)] precludes disclosure, therefore, only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Perkins v. Freedom ofInformation Commission, supra, 228 Conn. 175. "It bears emphasis that [this] standard imposes two separate burdens on a person seeking to prove the right to an exemption on the ground of an invasion of personal privacy. Recognizing the interest of the public, Perkins limits the exemption to cases in which the person resisting disclosure proves that the challenged information does not relate to legitimate matter of public concern . . . . Recognizing the interests of the individual, Perkins further limits the exemption to cases in which the person resisting disclosure proves that the challenged information would be "highly offensive, ' not to him or her subjectively, but to a reasonable person . . . . A party seeking to invoke the exemption under § 1-19 (b)(2) must meet each of these burdens of proof independently." (Citations omitted; internal quotation marks omitted.) Dept. of Public Safety v.Freedom of Information Commission, 242 Conn. 79, 84-85 (1997).
In this appeal, the parties do not dispute that the information sought is from the employees' "personnel or similar file." (Return of Record ("ROR"), p. 203, ¶ 13.) Rather, the issue is whether the information sought by the request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person.
To decide whether access to the records would constitute an "invasion of personal privacy," Perkins requires a showing by the respondent that the requested records do not "pertain to legitimate matters of public concern"and that the information sought is "highly offensive to a reasonable person." Perkins v. Freedom of Information Commission, supra,228 Conn. 175. As stated above, "the two prongs of this test are [not] interchangeable. Rather . . . once it is established that the matter is CT Page 12860 of public concern, the invasion of privacy claim must fail." Dept. of Children Families v. FOIC, 48 Conn. App. 467, 473 (1998).
The record clearly supports the FOIC's conclusion that this is a matter of public concern. At the hearing held on November 13, 1998, Campbell testified that he was denied access to his deferred compensation funds by the city treasurer's office. He further testified that he knew that other City employees were successful in obtaining funds. Campbell testified that he wanted to see if the application process was consistent and fair. (ROR, p. 79.) At the February 3, 1999 hearing, Campbell testified that merely knowing the name of the employee and the disposition in each instance would be sufficient for him to pursue his study. (ROR, p. 134.) The record shows that the owner of the compensation plan is the City, not the employees themselves. (ROR, p. 175.) These are matters pertaining tolegitimate matters of public concern. Perkins v. Freedom of InformationCommission, supra, 228 Conn. 174. There is substantial evidence support the decision of FOIC on the public interest ground.[4]
That being the case, the plaintiffs' appeal is hereby dismissed.
Henry S. Cohn, Judge