KIMBERLY ALBRIGHT-LAZZARI ET AL. *v.* FREEDOM OF INFORMATION COMMISSION
(AC 33444)

Beach, Alvord and Espinosa, Js.

Argued March 15—officially released June 5, 2012

*Kimberly Albright-Lazzari* and *Anthony Lazzari,* pro se, the appellants (plaintiffs).

*Clifton A. Leonhardt*, chief counsel, with whom, on the brief, was *Colleen M. Murphy*, general counsel, for the appellee (named defendant).

*Stephen G. Vitelli*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (defendant department of children and families).

*Opinion*

PER CURIAM. The plaintiffs, Kimberly Albright-Lazzari and Anthony L. Lazzari, appeal from the judgment of the trial court dismissing their administrative appeal from the decision of the defendant, the freedom of information commission (commission).[1] On appeal, the plaintiffs claim that the court improperly (1) determined that the commission's dismissal of their complaint without a hearing was not a violation of their constitutional rights and (2) deferred to the commission's conclusion that it lacked jurisdiction to determine the rights of access to records of the intervening defendant, the department of children and families (department) pertaining to child protection activities.[2] We affirm the judgment of the trial court.

The following factual and procedural background is relevant to our consideration of the plaintiffs' claims on appeal. By letter dated June 1, 2009, the plaintiffs sought to obtain records from the department that pertained to themselves and their minor children pursuant to the Freedom of Information Act (act), General Statutes § 1-200 et seq. Specifically, they requested "[a]ll

---

[1] The plaintiffs commenced this action against Colleen M. Murphy, executive director, freedom of information commission. The department of children and families was added as a party defendant after the court granted its motion to intervene as a necessary party on January 31, 2011.

[2] The plaintiffs raise additional claims in their brief that have no merit, and, accordingly, we will not address them.

records, reports, information, documents, files, including medical, police, school, counseling . . . and all calls made to the [department's] hotline . . . ." On June 8, 2009, they filed a complaint with the commission claiming that the department did not file a timely response to their request. On August 10, 2009, the department filed a motion to dismiss the plaintiffs' complaint on the ground that the requested records were exempt from disclosure pursuant to General Statutes § 17a-28. The plaintiffs filed an objection to the motion to dismiss. The hearing officer assigned to the matter issued a report dated September 18, 2009, in which she recommended that the commission dismiss the complaint against the department without a hearing pursuant to General Statutes § 1-206 (b) (4) (A). The plaintiffs filed a response to the hearing officer's recommendation on September 29, 2009. On October 14, 2009, the commission adopted the report of the hearing officer as its final decision, and on October 22, 2009, issued notice of the dismissal to the plaintiffs.

By complaint dated November 2, 2009, the plaintiffs challenged the commission's decision by filing an administrative appeal with the Superior Court pursuant to the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189. They claimed, inter alia, that they were entitled to the requested records and information because those documents pertained to the plaintiffs and their children. They also claimed that § 1-206 (b) (4) (A) is unconstitutional because they were deprived of their due process right to a fair hearing. On January 28, 2011, the department filed a motion to intervene, claiming that it was a necessary party to the plaintiffs' administrative appeal. The court granted the department's motion on January 31, 2011, and a hearing was held on April 5, 2011, with all parties in attendance. The court issued its memorandum of decision on April

21, 2011, in which it concluded: (1) that the commission's interpretation of applicable statutes that precluded the plaintiffs' access to the department's records through the act was "time-tested and reasonable"; and (2) that § 1-206 (b) (4) (A) is not unconstitutional. This appeal followed.

I

The plaintiffs' first claim is that § 1-206 (b) (4) (A)[3] is unconstitutional. Without any analysis, they claim that as applied to their case, the statutory provision violates "constitutional law and our legal rights to a due process hearing, fair hearings and fair procedures . . . . Because this state statute implicitly and explicitly violates the [federal and state] constitutions, and our rights, it is unconstitutional."

We note at the outset that challenging a statute on constitutional grounds always imposes a difficult burden on the challenger. "We have consistently held that every statute is presumed to be constitutional. . . . [T]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it . . . ." (Citations omitted; internal quotation marks omitted.) *Rayhall* v. *Akim Co.*, 263 Conn. 328, 341, 819 A.2d 803 (2003). "[T]he party attacking a validly enacted statute . . . bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt . . . ." (Internal quotation marks omitted.) *Neuhaus* v. *DeCholnoky*, 83 Conn. App. 576, 590, 850 A.2d 1106 (2004), rev'd in part on other grounds, 280 Conn. 190, 905 A.2d 1135 (2006).

---

[3] General Statutes § 1-206 (b) (4) provides in relevant part: "[I]n the case of an appeal to the [freedom of information] commission of a denial by a public agency, the commission may, upon motion of such agency, confirm the action of the agency and dismiss the appeal without a hearing if it finds, after examining the notice of appeal and construing all allegations most favorably to the appellant, that (A) the agency has not violated the Freedom of Information Act . . . ."

Other than claiming that their constitutional due process and equal protection rights have been violated by the statutory provision that allows the commission to dismiss a matter without a hearing under certain circumstances, the plaintiffs supply no analysis of their constitutional claim. It appears that they are claiming that hearings must be held in any administrative proceeding before decisions affecting an individual's rights are made. This claim is without merit. "Inquiry into whether particular procedures are constitutionally mandated in a given instance requires adherence to the principle that due process is flexible and calls for such procedural protections as the particular situation demands. . . . There is no per se rule that an evidentiary hearing is required whenever a liberty [or property] interest may be affected. Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . In the absence of any disputed facts pertaining to jurisdiction, a court is not obligated to hold an evidentiary hearing before dismissing an action for lack of jurisdiction." (Internal quotation marks omitted.) *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 24–25, 857 A.2d 354, cert. denied, 272 Conn. 907, 863 A.2d 700 (2004).

From our review of the record, it clearly was not improper for the court to have concluded that the plaintiffs did not prove their claim that § 1-206 (b) (4) (A) is unconstitutional.

II

The plaintiffs next claim that the court improperly deferred to the commission's conclusion that it lacked jurisdiction to determine the rights of access to records of the department pertaining to child protection activities.[4] The commission, in its final decision, concluded

---

[4] "Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . [I]t is clear that an administrative body must act strictly within its statutory

that the records sought by the plaintiffs pertained to such activities and, therefore, were not subject to disclosure under the act. After referring to previous commission decisions and citing the Superior Court case of *Marlow* v. *Freedom of Information Commission,* Superior Court, judicial district of New Britain, Docket No. CV-99-0493141-S (October 12, 1999), the commission concluded that it lacked jurisdiction to determine the rights of access to department records pertaining to child protection activities and dismissed the plaintiffs' complaint. The trial court deferred to the commission's ruling as time-tested and reasonable.

"[J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very restricted. . . . [R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . .

"Cases that present pure questions of law, however, traditionally invoke a broader standard of review than ordinarily is involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that we will defer to an agency's interpretation of a statutory term only when that interpretation of the statute previously has been

authority, within constitutional limitations and in a lawful manner. . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power." (Citations omitted; internal quotation marks omitted.) *Castro* v. *Viera,* 207 Conn. 420, 428, 541 A.2d 1216 (1988).

subjected to judicial scrutiny or to a governmental agency's time-tested interpretation and is reasonable." (Citations omitted; internal quotation marks omitted.) *Board of Selectmen* v. *Freedom of Information Commission*, 294 Conn. 438, 446, 984 A.2d 748 (2010).

We agree with the trial court that the commission's interpretation of the relevant statutes and case law was time-tested and reasonable. In its final decision, the commission cited General Statutes § 1-210 (a), which provides in relevant part: *"Except as otherwise provided by any federal law or state statute,* all records maintained or kept on file by any public agency . . . shall be public records" subject to inspection. (Emphasis added.) The commission also cited General Statutes § 17a-101k (a), which provides in relevant part that the "information contained in the [department's] registry and any other information relative to child abuse . . . shall be confidential, subject to such statutes and regulations governing their use and access . . . ." The commission next cited General Statutes (Rev. to 2009) § 17a-28 (b), which provides: "Notwithstanding the provisions of the [Freedom of Information Act], records maintained by the department shall be confidential and shall not be disclosed, unless the department receives written consent from the person or as provided in this section. . . ." At the time the plaintiffs requested the records, a "person" was defined, in relevant part, as any individual named in a record maintained by the department, any individual who was the subject of a department investigation and any parent of a minor named in a record maintained by the department.[5] See General Statutes (Rev. to 2009) § 17a-28 (a).

[5] General Statutes § 17a-28 was amended in 2011. Effective October 1, 2011, a "person" is now defined in relevant part as any individual named in a record maintained by the department who has received services from the department, any individual who is or was the subject of an investigation by the department and any parent of a minor named in a department record whose parental rights have not been terminated. See Public Acts 2011, No. 11-167, § 1, codified at General Statutes (Sup. 2012) § 17a-28.

The plaintiffs argued that the confidentiality provisions of General Statutes (Rev. to 2009) § 17a-28 (b) applied only to third parties and not to persons who sought records that pertained to them.[6] The commission disagreed. It noted that the department referenced several prior commission decisions that had addressed the precise issue raised by the plaintiffs and that those decisions concluded that the commission lacked jurisdiction over such matters. The commission also referred to *Marlow* and *Groton Police Dept.* v. *Freedom of Information Commission*, 104 Conn. App. 150, 931 A.2d 989 (2007),[7] which were cases relied on by the

---

[6] In their written opposition to the department's motion to dismiss, the plaintiffs also argued that the language in General Statutes (Rev. to 2009) § 17a-28 (m) provided further support for their interpretation of the statutes. They made the same argument in their appellate brief and during oral argument before this court.

General Statutes (Rev. to 2009) § 17a-28 (m) provided in relevant part: "*In addition to the right of access provided in [General Statutes] section 1-210,* any person . . . shall have the right of access to any records made, maintained or kept on file by the department . . . when those records pertain to or contain information or materials concerning the person seeking access thereto . . . ." (Emphasis added.) That provision also provided that the commissioner could refuse access if the commissioner determined that it would be contrary to the best interests of the person to review the records. The commissioner, in that circumstance, was required to issue the person a written statement setting forth the reasons for the refusal and advising the person of his or her right to seek judicial relief. See General Statutes (Rev. to 2009) § 17a-28 (m).

As noted in footnote 5 of this opinion, § 17a-28 was amended in 2011. The language "[i]n addition to the right of access provided in section 1-210" was deleted from the provisions of § 17a-28 by the amendment. See Public Acts 2011, No. 11-167, § 1, codified at General Statutes (Sup. 2012) § 17a-28.

[7] In *Groton Police Dept.* v. *Freedom of Information Commission*, supra, 104 Conn. App. 150, the mother of a minor child sought police records through the Freedom of Information Act that pertained to the police department's investigation of the alleged sexual abuse of the child. The police department refused her request, claiming that the records were exempt from disclosure. Id., 152. The commission found that the mother could waive the confidentiality provisions of General Statutes § 17a-101k on behalf of her minor son and found that the police department improperly had withheld the police report. The police department appealed from the commission's decision, and the Superior Court sustained its appeal. Id., 154.

We upheld the decision of the court. We determined that the mandate set forth in § 17a-101k with respect to the confidentiality of child abuse

department, as further support for its ruling that the plaintiffs' complaint should be dismissed. The commission concluded that, "after examining the complaint and pleadings . . . and construing all allegations most favorably to the [plaintiffs]," the department did not violate the act because the requested records pertained to the department's child protection activities.

The trial court deferred to the commission's interpretation of the applicable statutes as time-tested and reasonable. The court, as did the commission, also relied in part on *Marlow* in reaching its decision. There is no appellate case law expressly addressing the precise issue before us. Nevertheless, in reviewing the decisions of the commission and the trial court, we also find persuasive the reasoning of the court in *Marlow* with respect to the applicability of the act to requests for department records pertaining to child protection activities.

In *Marlow*, the plaintiff sought unredacted records pursuant to the Freedom of Information Act related to any investigation of the plaintiff and his family conducted by the department. *Marlow* v. *Freedom of Information Commission*, supra, Superior Court, Docket No. CV-99-0493141-S. When the department refused to

records controlled the resolution of the appeal. We noted that the statutes in question, §§ 1-210 and 17a-101k, "although overlapping in some respects, afford different protection from disclosure to different classes of persons." Id., 159. We concluded: "In our view, § 17a-101k falls within the opening sentence of § 1-210 (a), which provides in relevant part that '[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records . . . .' General Statutes § 1-210 (a). In other words, because § 17a-101k mandates confidentiality of information regarding child abuse, records of child abuse, wherever located, are exempted from the general rule of disclosure." Id., 160.

Although the present case is in a different procedural posture because the plaintiff requested the records directly from the department, it is important to note that the parent of a minor child is not unequivocally entitled to confidential records pertaining to that child.

disclose the records, the plaintiff filed a complaint with the commission. The commission concluded that it lacked jurisdiction to determine rights of access under § 17a-28 to the department's records pertaining to child protection activities. The commission accordingly dismissed the plaintiff's complaint, and the plaintiff filed an administrative appeal from that decision with the Superior Court. The court, *McWeeny, J.*, upheld the decision of the commission. Id.

In its memorandum of decision, the court in *Marlow* framed the issue as a question of law involving the construction and reconciliation of § 1-210, pertaining to mandated access to public records, and § 17a-28, pertaining to the confidentiality of department records related to child protection activities. The court then reviewed principles of statutory construction, citing case law that provides that "specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. . . . [I]f both [provisions] cannot apply, the particular provision will be treated as an exception to the general provision." (Internal quotation marks omitted.) *Marlow* v. *Freedom of Information Commission*, supra, Superior Court, Docket No. CV-99-0493141-S, quoting *Commission on Human Rights & Opportunities* v. *Truelove & Maclean, Inc.*, 238 Conn. 337, 358, 680 A.2d 1261 (1996).

The court in *Marlow* noted that the plaintiff, as the plaintiffs in the present case, did not dispute the applicability of § 17a-28 to the records at issue but argued that recourse to the act was an alternate route to access such records. The court in *Marlow* disagreed, stating that § 17a-28 records pertaining to child protection activities fell within the express exemption of § 1-210 (a), namely that " '[e]xcept as otherwise provided by

. . . state statute,' " certain public records must be disclosed. *Marlow* v. *Freedom of Information Commission*, supra, Superior Court, Docket No. CV-99-0493141-S. Although the general rule mandates disclosure of public records, and the enumerated exceptions are to be narrowly construed; see *Perkins* v. *Freedom of Information Commission*, 228 Conn. 158, 167, 635 A.2d 783 (1993); the court determined in *Marlow* that the requested records were clearly exempted from public disclosure under the act.[8] Furthermore, as noted by Judge McWeeny, the statutory scheme of § 17a-28 set forth a specific process of review for an individual denied access to requested records. *Marlow* v. *Freedom of Information Commission*, supra, Superior Court, Docket No. CV-99-0493141-S.

We conclude that the commission properly dismissed the plaintiffs' complaint without a hearing for the stated reason that it did not have jurisdiction to determine rights of access under § 17a-28 to the department's records on child protection activities. For the same reason, we conclude that the trial court properly dismissed the plaintiffs' administrative appeal from the commission's decision.

The judgment is affirmed.

---

[8] Judge McWeeny also emphasized that "not all [department] records are exempt from [the act] under § 17a-28. . . . [Department] records that do not pertain to child protection activities are subject to disclosure under [the act]." *Marlow* v. *Freedom of Information Commission*, supra, Superior Court, Docket No. CV-99-0493141-S; see *Dept. of Children & Families* v. *Freedom of Information Commission*, 48 Conn. App. 467, 710 A.2d 1378, cert. denied, 245 Conn. 911, 718 A.2d 16 (1998).